Drake, Ch. J.,
delivered the opinion of the court:
The claimant, a first lieutenant of cavalry, sues for longevity pay to which he considers himself lawfully entitled, but which has been withheld from him. He was for four years a cadet at the Military Academy at West Point, where he graduated. If those four years are to be counted as a part of his service in the Army, he is .entitled to the longevity pay; otherwise not.
The general provision of law upon which the right of officers to that description of pay primarily rests, is section 1262 of the Bevised Statutes, in these words:
“ There shall be allowed and paid to each commissioned officer below the rank of brigadier-general * * * 10 per centum of their current yearly pay for each term of five years of service.”
This claim, hqwever, does not rest on this provision alone, but upon it in connection with a clause, found in the Army appropriation Act for the fiscal year ending June 30,1882 (21 Stat. L., 346, chapter 79), and also in the like act for the fiscal year ending June 30, 1883 (22 Stat. L., 117, chapter 254), in these words:
“Additional pay'to officers for length of service, to be paid with their current pay, and the actual time of service in the Army * * * shall be allowed all officers iu computing their pay.”
The point of contention is in connection with the words “ actual time of service in the Army?
As the claimant’s commission as a second lieutenant of cavalry was to date from June 15, 1869, he cannot recover if his time of service began only on that day. To entitle him to recover the demand sued on, he must be allowed : 1. His period of service since he was commissioned; 2. The time he was a cadet at the Military Academy; and 3. The time of a previous service' in the volunteer military forces of the United States in 1861-1864. As to the first and third there is no controversy; the contest is over the second; and it presents a question not hitherto judicially passed on.
That the claimant, while at the Academy, was in some kind of a service, that is, duty performed under orders of superiors, will not be questioned by any one who knows anything about the work, physical and mental, that a cadet there has to do, *205 and the character of military authority and discipline to which he is subject. His “actual time of service” is every day that he is there, except when he is on the sick list. Ho private soldier in the Army is more in service than a cadet at West Point; though, of course, the characters of the two services are quite different.
But the point is, whether that was “service in the Army? The defendants, resting upon an opinion given by Attorney-General MacVeagh, contend that it was not; the claimant insists that it was. We concur with the claimant, upon grounds which we will very briefly state.
In section 1094 of the Bevised Statutes, declaring what “ the Army of the United States shall consist of,” we find uthe corps of cadets of the United States Military Academy” named as a part of the Army; and section 1323 provides that—
“ Cadets shall be subject at all times to do duty in such places and on such service as the President may direct.”
Section 1321 says, too, that a cadet who refuses to take a prescribed oath of allegiance “shall be dismissed from the service?
Furthermore, the Begulations for the Military Academy, adopted by the President, declare in fifteen different instances, offenses for which a cadet may be dismissed, not from the Academy, but “from the service?
In view of these plain and express provisions of law and regulations, we are at a loss to understand why a cadet at the Military Academy is not in “service in the Army.” That he is pursuing there the studies and passing through the discipline which are to fit him for higher duty and perhaps great achievements in military life, does not, in our opinion, at all affect or even touch the status given him, in unmistakable words, by the laws under which both the Academy and the Army exist.
The judgment of the court is, that, the claimant recover the amount demanded in his petition, $169.07.