UNITED STATES *v.* KINGSLEY.

APPEAL FROM THE COURT OF CLAIMS.

No. 778. Argued January 16, 1891 — Decided January 26, 1891.

A private in the Marine Corps of the United States, discharged from the service as a person of bad character and unfit for service by order of the Secretary of the Navy through the Commandant of the Corps, without court martial or other competent military proceeding, forfeits thereby his retained pay under the provisions of Rev. Stat. § 1281; but he may claim and recover his transportation and subsistence from the place of his discharge to the place of his enlistment, enrollment, or original muster into the service, under the provisions contained in Rev. Stat. § 1290.

THIS was an appeal by the United States from a judgment of the Court of Claims, 24 C. Cl. 219, awarding to the petitioner, Joseph F. Kingsley, $73.30 for "retained pay," and for transportation and subsistence from the place of his discharge to that of his enlistment. The finding of the Court of Claims was as follows:

"*Findings of fact.*

"This case having been heard before the Court of Claims, the court, upon the evidence, finds the facts to be as follows:

" 1. August 12, 1882, the claimant enlisted as a private in the Marine Corps of the United States at Brooklyn, N. Y.

" October 3, 1884, he was promoted to a corporal.

" September 4, 1885, he was reduced to a private.

" June 4, 1887, he was discharged from the Marine Corps at the Marine Barracks, Navy-yard, Washington, D. C.

" 2. The cause of discharge appears in the following correspondence and order:

" MARINE BARRACKS, NAVY-YARD,

" WASHINGTON, D. C., *May* 28, 1887.

" SIR: I have to respectfully request that private Joseph F. Kingsley, of this command, may be discharged from the service, as he is utterly worthless and his character is bad; he is also a very disturbing element in the garrison. I inclose herewith his staff returns, also a list of his offences.

" Very respectfully, your obedient servant,

" P. C. POPE.

" *Captain U. S. Marine Corps, Commanding Marines.*

" C. G. McCauley, Colonel Commandant.

" *List of offences.*

" October 11, 1886. Twenty-four hours over leave.

" October 21, 1886. Creating disturbance in quarters.

" December 3, 1886. Drunk in garrison.

" December 24, 1886. Insubordination and disrespect to sergeant of the guard, tried by summary court martial, sentenced thirty days D. I., solitary confinement.

" February 23, 1887. Over leave.

" April 5, 1887. Improper conduct at target practice.

" May 20, 1887. Absent without leave.

" May 26, 1887. Insubordinate and disrespect to the officer of the day.

" These reports were forwarded through the official channels to the Secretary of the Navy, and thereafter the following order was issued:

"HEADQUARTERS U. S. MARINE CORPS,

"WASHINGTON, D. C., *May* 31, 1887.

"SIR : Be pleased to discharge ' by order of the Secretary of the Navy, as unfit for service, character bad,' . . . private Joseph F. Kingsley, at the Marine Barracks, Navy-yard, Washington, D. C., (upon the report of his commanding officer, dated the 28th instant).

"Very respectfully, C. G. McCAULEY,

"*Colonel Commandant, U. S. Marine Corps.*

"The Adjutant and Inspector, U. S. Marine Corps Headquarters.

"June 4, 1887, in pursuance of this order the claimant was discharged.

"3. It does not appear that he demanded to be tried by court martial or protested against his discharge.

"4. He has not received any ' retained pay ' under section 1281 of the Revised Statutes, nor transportation and subsistence from the place of discharge to the place of enlistment under section 1290. He has, however, received all other pay and allowances.

"The distance from Washington Navy-yard to Brooklyn is 228 miles.

"5. Under the practice of the accounting officers of the Treasury Department enlisted men of the Marine Corps have been held to be entitled to all the benefits of sections 1281 and 1290 of the Revised Statutes.

"*Conclusion of law.*

"Upon the foregoing findings of facts the court decides, as conclusions of law, that the claimant is entitled to recover for ' retained pay ' under section 1281 of the Revised Statutes $65.20, and for transportation and subsistence, under section 1290, $8.10."

From the judgment entered upon this finding the defendant appealed to this court.

*Mr. Assistant Attorney General Maury* for appellants.

No appearance for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

(1) Claimant's right to retained pay depends upon Rev. Stat. § 1281, which reads as follows: "To the rates of pay stated in the preceding section one dollar per month shall be added for the third year of enlistment, one dollar more per month for the fourth year, and one dollar more per month for the fifth year, making in all three dollars increase per month for the last year of the first enlistment of each enlisted man named in said section. But this increase shall be considered as retained pay, and shall not be paid to the soldier until his discharge from the service, and shall be *forfeited* unless he serves honestly and faithfully to the date of discharge."

To entitle the soldier to this retained pay it is therefore necessary to show, first, his discharge from the service; second, an honest and faithful service to the date of discharge. It was held by the Court of Claims, however, that to deny his right to retained pay, a *forfeiture* must have been considered and declared by a court martial or other military authority having jurisdiction in the premises, and that the question of honest and faithful service, required by the section, was not one that could be tried in a collateral proceeding. We are unable to concur in this opinion. By his enlistment the soldier contracts for honest and faithful service, and the rendition of such service is a condition precedent to his right to recover his retained pay. The fact that he has not rendered such service may be shown as well by his military record as by the judgment of a court martial. It is true the word "forfeited" is used in the statute, but we think it is not used in the technical sense of a punishment after judgment, but rather in the sense of a disability incurred by the non-performance of a contract. A similar meaning is attached to the word when used in connection with the claim of a mariner for his wages. By his contract of shipment the seaman also bargains for honest and faithful service, and obedience to the lawful commands

of the master and other officers of his vessel, and in case of desertion or gross misconduct, it is the constant practice of courts of admiralty to forfeit the whole or a part of his wages, irrespective of the actual damage suffered by the owner or master of the vessel. *The Balize*, Brown's Adm. 424. In an action at common law, however, such wages are not subject to forfeiture, but a deduction is made therefrom commensurate with the damages actually sustained. The statute under consideration imposes a like forfeiture for a breach of the soldier's contract of enlistment, irrespective of any actual damages occasioned by his misconduct, and such forfeiture may be declared by the court in which he brings his action, as well as by the judgment of a court martial. Indeed, the word in this connection means nothing more than an incapacity to recover, by reason of misconduct, irrespective of any actual damages, or, as defined by Worcester, "to lose by some breach of condition; to lose by some offence."

We are confirmed in this view by an examination of *United States* v. *Landers*, 92 U. S. 77, 79, which was an action for bounty and pay, wherein Mr. Justice Field, speaking for the court, says: "Forfeiture of pay and allowances up to the time of desertion follows from the conditions of the contract of enlistment, which is for faithful service. The contract is an entirety; and, if service for any portion of the time is criminally omitted, the pay and allowances for faithful service are not earned. And, for the purpose of determining the rights of the soldier to receive pay and allowances for past services, the fact of desertion need not be established by the findings of a court martial; it is sufficient to justify a withholding of the moneys that the fact appears upon the muster-rolls of his company. If the entry of desertion has been improperly made, its cancellation can be obtained by application to the War Department. But forfeiture of pay and allowances for future services, as a condition of restoration to duty, can only be imposed by a court martial."

That the accounting officers of the Treasury were justified in withholding the pay of the claimant in this case, is manifest by the numerous offences of which he appears, from the report

of his commanding officer, to have been guilty. This record shows a clear case of failure to furnish the honest and faithful service demanded by the statute.

(2) Different considerations apply to his claim for transportation and subsistence from the place of discharge to the place of enlistment. The right to this depends upon section 1290:

"When a soldier is discharged from the service, except *by way of punishment for an offence*, he shall be allowed transportation and subsistence from the place of his discharge to the place of his enlistment, enrollment or original muster into the service. The government may furnish the same in kind, but in case it shall not do so he shall be allowed travel-pay and commutation of subsistence for such time as may be sufficient for him to travel from the place of discharge to the place of his enlistment, enrollment or original muster into the service, computed at the rate of one day for every twenty miles."

We think this statute contemplates a discharge as a punishment inflicted by the judgment of a court martial or other military authority, for a specific offence, and not such a discharge as was issued in this case, for unfitness for service and general bad character. While this may justify the proper authorities in ordering the discharge of the soldier as a worthless member of the service, we cannot consider such a discharge as "a punishment for an offence" within the meaning of the statute. The question whether such punishment must necessarily be awarded by the judgment of a court martial, is not presented by the record, and we express no opinion upon the point.

The judgment of the Court of Claims must, therefore, be

*Reversed and the case remanded with directions to set aside the judgment already rendered, and to enter a new judgment in favor of the claimant for $8.10, for his transportation and subsistence.*