Peelle, J.,
delivered the opinion of the court:
The claimant having served for more than five years in the United States Army, was honorably discharged therefrom October 12, 1891, and within a month thereafter, to wit, November 6,1891, enlisted in the Marine Corps and was placed on the muster-in roll as “reenlisted from general service, provost guard, United States Army.” He'is still serving in the Marine Corps.
He now seeks to recover $2 per month additional pay from the date of his enlistment in the Marine Corps to October 31, 1895, and bases his right thereto on Revised Statutes, sections 1284 and 1612, which read:
“Sec. 1284. Every soldier who, having been honorably discharged, reenlists within one month thereafter shall be further entitled, after five years’ service, including his first enlistment, to receive, for the period of five years next thereafter, two dollars per month in addition to the ordinary pay of his grade; and for each successive period of five years of service, so long as he shall remain continuously in the Army, a further sum of one dollar per month. The past continuous service of soldiers now in the Army shall be taken into account, and shall entitle such soldier to additional pay according to this rule; but services rendered prior to August 4th, 1854, shall in no case be accoun ted as more than one enlistment.
“Sec. 1612. The officers of the Marine Corps shall be entitled to receive the same pay and allowances, and the enlisted men shall be entitled to receive the same pay and bounty for reenlisting, as are or may be provided by or in pursuance of law for the officers and enlisted men of like grades in the infantry of the Army.”
The defendants’ contention is, that while the latter section “extended and made applicable to the Marine Corps the provisions of section 1284 of the Revised Statutes in the matter of the rate of pay,” prior service in the Army can not be credited to one who enlists in the Marine Corps, so as to entitle such person to the additional $2 per month provided for to soldiers of the Army “who, having been honorably discharged, reenlisted within one month thereafter.”
*200 If tlie claimant bad reenlisted in tbe Army, from wbicb be was discharged, at tbe time be enlisted in tbe Marine Corps, there would bo no question about bis right to recover.
Tbe Marine Corps, though a distinct organization from tbe Army or Navy (Rev. Stat., 1596-1023), is nevertheless subject to tbe laws and regulations for tbe government of tbe Navy, “except when detached for service with tbe Army, by order of tbe President,” in wbicb case “they shall be subject to tbe rules and articles of war prescribed for tbe government of tbe Army.” (Section 1621.)
In relation to rank the officers in tbe Marine Corps shall be “on tbe same footing as officers of similar grades in tbe Army,” and they shall take the same oath prescribed “for officers and enlisted men of tbe Army” (sections 1603,1609). By section 1622 the commissioned officers of tbe Marine Oorxjs “shall be retired in like cases, in tbe same manner, and with tbe same relative conditions in all respects as are provided for tbe officers of tbe Army,” except as provided in tbe next section, Avhich lias relation to the formation of the retiring board therefor.
Tbe noncommissioned officers, privates, and musicians of tbe Marine Corps are, by section 1615, entitled to receive one Navy ration daily, and by section 1617 it is provided that “no officer of tbe Marine Corps shall exercise command over any navy-yard or vessel of tbe United States,” though by section 1616 they and the enlisted men of tbe Corps are subject to duty “ on board tbe armed vessels of tbe United States,” and by section 1619 the “Corps shall be liable to do duty in the forts and garrisons of tbe United States, on tbe seacoast, or any other duty on shore as tbe President at bis discretion may direct.” Enlistments in the Army, Navy, and Marine Corps are, in tbe Army, “for tbe term of five years;” in the Navy, other than minors, “for a period not exceeding five years;” while in tbe Marine Corps they are “ for a period not less than five years.” (Rev. Stat., 1119, 1418, and 1608.) In tbe case of Wilkes v. Dinsman (7 How., 89) tbe court in construing tbe Act of March 2,1837 (5 Stat. L., 157), providing for enlistments in tbe Navy, held that tbe words “any person enlisted in tbe Navy” includes marines. (United States v. Dunn, 120 U. S.,249.)
It will thus be seen that tbe status of tbe Marine Corps is a variable one, and though subject to tbe laws and regulations established for tbe government of the Navy, except when *201 detached by the President for service with the Army, they are in relation to rank, oath, pay, and retirement, assimilated to the Army, and, subject to the direction of the President, they may, under section 1619, be detached for service with the Army any where in the United States. (Section 1619.) See the Dunn Case (21 C. Cls. R., 20; affirmed, 120 U. S., 249).
Again, by the Act of February 14, 1885 (23 Stat. L., 305), it is provided “that when an enlisted man has served as such thirty years in the United States Army or Marine Corps, either as a private or as a noncommissioned officer, or both, he shall,” on application to the President, “be placed on the retired list,” etc.; and inasmuch as service in either branch for the period named would entitle such private or noncommissioned officer to retirement after thirty years’ service upon equal terms, we apprehend no injustice would be done the United States if the thirty years’ service were performed partly in one branch and partly in the other branch of the service named, especially since Congress by the terms of the act placed the service on the same footing in respect to the retirement there stated.
Under the Act of March 3, 1883 (22 Stat. L., 473), providing that officers in the Pavy “shall be credited with the actual time they may have served as officers or enlisted men in the Regular or Volunteer Army or Navy, or both,” the Supreme Court in Dimitís Case (supra) held that an officer of the Navy was entitled to be credited with his prior service as an enlisted man in the Marine Corps.
Here, it is true, prior service in the Marine Corps was credited to an officer in the Navy, but if the prior service had been in the Army he would have been equally entitled to it under the act; and so while serving as an enlisted man in the Marine Corps, whether such Corps was a part of the Army or a part of the Navy, or both, the court held he was entitled to be credited with such service, i. e., the court, page 255, said:
' “We think that the act of 1883, under which this suit is brought, providing for a credit for the actual time of service in the-Army orNavy, or both, is comprehensive enough to include the services of George Dunu, recited in the second finding of the court, as they must have been rendered either in the one or the other — either in the Army ortheNavy — andif rendered in either, or part in one and part in the other, they still entitle the claimant to receive compensation on the basis of services coming within the statute.”
So that, as thus viewed, his service as an enlisted man in the *202 Marine Corps must have been rendered eitlier in the Army or the Navy, and as the court say, “ if rendered in either, or part in one and part in the other,” he was entitled to recover, though in fact his service was in the Marine Corps.
Under this same act the court in the case of Hawkins (19 C. Cls. R., 611) held that a boatswain in the Navy was entitled, for the purpose of longevity pay, to credit for service rendered in the Volunteer Navy between 1801 and 1805. And under the same act the court in Jordan's Case (ib., 621) held that a paymaster in the Navy was entitled to credit for service rendered in the Army between 1861 and 1870.
In the Muse Case (ib., 441) the court held that an officer in the Marine Corps was entitled to be credited with his prior service as a paymaster’s steward in the Navy.
By section 7, Act of June, 1878 (20 Stat. L., 145, and 1 Supp. Rev. Stat., 2d ed., 189), all officers of the Army are entitled to be credited, for the jiurpose of longevity pay, with their prior service as officers or enlisted men in the Regular or Volunteer Army of the United States.
In construing the words “ actual time of service in the Army or Navy, or both,” in the appropriation Act of February 24, 1881 (21 Stat. L., 346), under the head of “Pay Department,” and the similar statute (22 Stat. L., 118), the court in Morton's Case (112 U. S., 1), affirming the decision of this court (19 C. Cls. R., 200), held that a cadet’s time of service at West Point Military Academy from July 1, 1805, to June 15, 1869, was “ actual time of service in the Army,” within the meaning of the acts cited. To the same effect also is the Watson Case (130 U. S., 80).
The claimant cites and relies on the case of Webb v. United States (23 C. Cls. R., 58, 60) to sustain a recovery.
In that case a minor was enlisted in the Marine Corps under the Naval Appropriation Act, June 12,1858 (11 Stat. L., 318), to serve until he was 21 years of age, and having served over five years, and still being in the service under the same enlistment, he sought to recover the longevity pay of $2 per month, provided for by the statute first quoted, but was denied on the ground that an honorable discharge from the service and a voluntary reenlistment, in addition to his length of service, were essential prerequisites to a recovery.
The question raised in the case at bar does not appear to *203 bave been presented in that ease, and perhaps for the reason that at that time, and for many years previous thereto, the accounting officers of the Treasury Department had been paying such claims, making no distinction, for that purpose, between service in the Army and service in the Marine Corps.
We have thus referred to some of the statutes and the decisions thereunder showing the imrpose and policy of Congress with reference to the Marine Corps.
In the Reid Case (18 C. Cls. R., 625, 638), it being an action by an officer in the Marine Corps to recover an allowance for the ration provided by the Revised Statutes, section 1578, while attached to a seagoing vessel, the court held that he was not entitled to the ration, being under section 1612, subject to the Revised Statutes, section 1269, concerning the officers in the Army; and as was said in that case “The pay of this Corps is regulated by the laws which govern the pay of the Army, and as changes are made in the Army pay, those changes take effect simultaneously in the pay roll of the Marine Corps.” “This,” the court say, “is the legal effect of section 1612.”
In the Kingsley Case (24 C. Cls. R., 219), where an enlisted man in the Marine Corps had been discharged by order of the Secretary of the Navy as unfit for the service and of bad character, the court held that the “ retained pay” and “ transportation and subsistence ” given to enlisted men in the Army by R. S., sections 1281 and 1290, were extended to enlisted men in the Marine Corps by section 1612.
On appeal, that case was reversed (138 U. S., 87), not because of the holding above stated, but on the ground that whether theserviceof an enlisted man had been “honestly and faithfully” performed, could be shown by his military record, whereas this court had held that such service, to sustain a forfeiture of his retained pay, could be shown only by the judgment of a court-martial. While the case was reversed on the ground stated, the court held that the claimant was entitled to “ transportation and subsistence” under section 1290, thereby sustaining the holding of this court that those sections had been made ajiplieable to enlisted men in the Marine Corps by section 1612.
In the last paragraph of section 1284 it is provided that “the past continuous service of soldiers now in the Army shall be taken into account and shall entitle such soldier to additional pay according to this rule,” etc. .
*204 So that, as to such soldiers, their past continuous service in the Marine Corps, as well as in the Army, we think, would be taken into account and would entitle them to additional pay; and inasmuch as the enlisted men in the Marine Corps are, by section 1612, “entitled to receive the same pay and bounty for reenlistment as are or may be provided by or in pursuance of law for the officers and enlisted men of like grades in the infantry of the Army,” we think the claimant’s prior service in the Army should be taken into account, though he reentered the service by enlistment in the Marine Corps.
His enlistment in the Marine Corps within one month after his honorable discharge from the Army may not have been a matter of choice, since by the Special Order No. 233 set forth in finding i, he was ordered discharged, subject to paragraphs 2 and 3 of Orders No. 81, also set forth in finding i, which, among other things, provides, that soldiers thus discharged “ shall not be eligible to again enlist in the Army for one year from the date of discharge.”
The orders thus issued purport to have been pursuant to section 2, Act of June 16,1890 (26 Stat. L., 158). The statute contains no such inhibition, but inasmuch as the claimant did not reenlist in the Army or attempt to reenlist therein, so far as the findings show, it is deemed unnecessary to consider the question as to whether the inhibition against the claimant’s reenlistment in the Army within one year from the date of his discharge rvas or was not valid within the meaning of the act under which the order purports to have been issued.
We rest the claimant’s right to recover the additional pay of $2 per month provided by section 1284, as extended and made applicable to the enlisted men in the Marine Corps by section 1612, holding as we do that the enlisted men in the Marine Corps are on the same footing as “enlisted men of like grades in the infantry of the Army,” both as to their regular pay and the $2 per month additional pay provided for by section 1284; and that a reentry in the service by enlistment in the Marine Corps within one month from the date of an honorable discharge from the Army, as the claimant did in this case, satisfies the requirements of the statute and brings him within its provisions entitling him to the $2 per month, and he is therefore entitled to judgment for $95.67, which the court directs be entered in his favor.