894

JONES et ux.
v.
UNITED STATES.
Civ. No. 5330.

United States District Court,
W. D. New York.
Nov. 25, 1952.

Clayton M. Jones, Jr., Jamestown, N. Y., for plaintiffs.

George L. Grobe, U. S. Atty., Buffalo, N. Y. (James R. Privitera, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for defendant.

KNIGHT, Chief Judge.

Two motions by defendant are before the Court (1) for an order dismissing the complaint and (2) for an order to set aside and vacate the entry of default, to dismiss the complaint and in the alternative to permit defendant to file an answer after entry of an order denying dismissal of the complaint.

The motions came about because the time stipulated for answer expired on September 30, 1952, without further extention, and defendant's motion papers "(1)" were mailed to plaintiffs' attorney on October 1, 1952. Plaintiffs' attorney mailed default papers to the Clerk of this Court on October 1, 1952, and, immediately upon their receipt on October 2, 1952, entered the default. An order to show cause "(2)" was obtained by defendant October 6, 1952, returnable October 9, 1952.

On the oral argument of the motions the Court indicated that a judgment entered by default would not be sustained without first giving the Government an opportunity to move either to dismiss or to answer.

It is necessary to examine the complaint to determine if the Court has jurisdiction. The complaint is composed of three alleged causes of action (a) for negligence, (b) for actual or constructive fraud and deceit and (c) for breach of implied contract, each for damages in the sum of $236,376.04.

In respect to the alleged causes of action for fraud and deceit, and for breach of contract rights, plaintiffs in their brief state that "defendant's attorney may be correct to the extent that section 2680(h), 28 U.S.C.A., excepts any claim arising out of deceit in relation to plaintiffs second cause of action even though implied or constructive fraud and deceit are alleged." And as to the alleged third cause of action for breach of an implied contract, "plaintiffs do not claim that there was any interference with contract rights." See Eastern Extension, Australasia & China Tel. Co. v. United States, 251 U.S. 355, 40 S.Ct. 168, 64 L.

Ed. 305. Both the second and third alleged causes of action need no further discussion.

The alleged first cause of action for negligence is relied upon by plaintiffs on the theory that it comes directly within the provisions of the Federal Torts Claims Act, 28 U.S.C.A. § 931, now 28 U.S.C.A. §§ 1346(a), 2671 et seq.

We should now have some knowledge respecting the Geological Survey, how was it established, what was its purpose; the method of the appointment and the duties of the Director. The Geological Survey was established in 1879, c. 182, § 1, 20 Stat. 394, to become a part of the Interior Department. The Director was to be appointed by the President by and with the advice and consent of the Senate. The duties of the Director and the prohibitions affecting his office are set forth in Title 43 U.S.C.A. § 31, as follows:

> "* * *. This officer [Director] shall have the direction of the Geological Survey, and the classification of the public lands and examination of the geological structure, mineral resources, and products of the national domain. The Director and members of the Geological Survey shall have no personal or private interests in the lands or mineral wealth of the region under survey, and shall execute no surveys or examinations for private parties or corporations."

No other or further duties conferred upon the Director have been pointed out to the Court or found by independent research. The duties of such public officers are not subject to enlargement except by proper legislation.

The plaintiff Clayton M. Jones alleges that he wrote a letter to the Geological Survey wherein he made inquiry regarding oil production and reserves in land known as Hamilton Dome and received an answer thereto over the signature of the Director of the Geological Survey in which it is stated that the "Ultimate recovery, * * *, is estimated to be on the order of 17,400 barrels per acre." This correspondence took place October 28, 1946 and November 29, 1946. Plaintiffs sold their stock in the Empire State Oil Company which held a lease in the Hamilton Dome January 22, 1948, and claim damages by reason of misinformation regarding production and reserves of oil respecting Hamilton Dome.

If this Court has authority to entertain jurisdiction of the action, it must be derived from the Federal Torts Claims Act, 28 U.S.C.A. §§ 2671–2680. The authority for the creation and limitations of the Geological Survey under the Interior Department was conferred by Congress, 43 U.S.C.A. §§ 31–46. The Federal Torts Claims Act § 2680 provides, in part, that:

> "The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> "(a) Any claim * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

None of the cases cited in the briefs have been overlooked. Plaintiffs seem to rely strongly on Costley v. United States, 5 Cir., 181 F.2d 723. Examination of the opinion in that case does not reveal its application to the case at bar. The allegations of the complaint in the present action are clearly within the provisions of the act and therefore allege no cause of action against the Government. Compare Thomas v. United States, D.C., 81 F. Supp. 881.

The entry of default is vacated and the complaint is dismissed.