Clayton M. JONES et al., Appellants,

v.

The UNITED STATES of America, Appellee.

No. 12595.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 28, 1955.

Decided Nov. 23, 1955.

Mr. Carl L. Shipley, Washington, D. C., with whom Mr. Roy St. Lewis, Washington, D. C., was on the brief, for appellants.

Mr. Lester S. Jayson, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Messrs. Warren E. Burger, Asst. Atty. Gen., Dept. of Justice, Leo A. Rover, U. S. Atty., and Paul A. Sweeney, Atty., Dept. of Justice, were on the brief, for appellee. Mr. Lewis Carroll, Asst. U. S. Atty., and Mr. Julian H. Singman, Atty., Dept. of Justice, also entered appearances for appellee.

Before EDGERTON, Chief Judge, and WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants sued the United States in the United States District Court for the Western District of New York, under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b), 2674, 2680, 2401 (b) (1952). They charged that the Director of the United States Geological Survey had furnished them with erroneous information, on which they had relied to their detriment in later selling certain stock at less than its true value. Their complaint, in separately stated causes of action, alleged both deceit and negligence. The trial judge dismissed the complaint. D.C.1952, 120 F.Supp. 894. The Second Circuit affirmed. Jones v. United States, 1953, 207 F.2d 563, certiorari denied 347 U.S. 921, 74 S. Ct. 518, 98 L.Ed. 1075, rehearing denied 1954, 347 U.S. 940, 74 S.Ct. 627, 98 L.Ed. 1089.

Later, plaintiffs-appellants brought the present suit in the United States District Court for the District of Columbia. Their complaint was couched in substantially the same terms as the cause of action for "negligence" alleged in the prior one. It said that the Director failed to exercise due care and was negligent in failing to furnish plaintiffs "with the actual data or estimate of the ultimate recoverable reserves then in the custody

and record of the Survey at the time"; it further alleged that they were entitled by law to the requested information under 5 U.S.C.A. §§ 488–489. The District Court granted defendant's motion for summary judgment. 1954, 126 F.Supp. 10.

Clearly, this second suit is barred as res judicata. The judgment of the District Court will be affirmed on that ground. Stoll v. Gottlieb, 1938, 305 U.S. 165, 172, 59 S.Ct. 134, 83 L.Ed. 104. We need not discuss the other points raised.

So ordered.