Whalet, Chief Justice,
delivered the opinion of the court:
This case comes up for consideration on the defendant’s demurrer to the petition. The defendant maintains that the petition does not state a cause of action against the United States within the jurisdiction of the Court.
According to the petition the suit is for damages for a permanent and serious injury to plaintiff’s left arm, which had its inception in an accidental amputation of four fingers. He was at the time of the accident undergoing sentence of imprisonment at Alcatraz, California, and being ordered to sharpen some stakes for the purpose of building a form for a concrete border to a flower bed and given an axe for that purpose, he unfortunately struck the fingers of the hand that was holding the stake. The incident is not attributed to lack of skill; it was purely accidental. Professional treatment was delayed, infection set in, the plaintiff prisoner was hos *233 pitalized, transferred from Alcatraz California Hospital to the hospital at Leavenworth, Kansas, penitentiary, thence transferred to the United States Hospital at Springfield, Missouri, Medical Center, where he was cured of the infection but lost the major portion of his hand. Thereupon he was taken to McNeil Island, Washington, where he now is.
The case is one sounding in tort. Negligence or other tor-tious conduct of defendant’s officers is charged in assigning plaintiff to a task involving risk, and in treatment after amputation. In the very recent case of Indians of California v. United States, 98 C. Cls. 583, 699, attention was directed to the fact that the general jurisdiction of this court did not extend to a case sounding in tort. See 145 Judicial Code, Sec. 250, Title 28, U. S. Code Annotated. This follows decisions of many years’ standing.
The question as to the cause of action being barred by the statute of limitations is adverted to in the defendant’s brief on demurrer, but no date is assigned in the brief as the date of accrual of the right of action. In view of the lack of jurisdiction on other grounds the question of limitations is not necessary to decide.
The demurrer is sustained and the petition dismissed. It is so ordered.
Madden, Judge; WhitakeR, Judge; and Littleton, Judge, concur.
Jones, Judge, took no part in the decision of this case.