## NORCUTT v. UNITED STATES.
### No. 46293.

Court of Claims.
May 7, 1945.

227

Arthur C. Norcutt, per se.

Horace G. Marshall, of Chicago, Ill., and Francis M. Shea, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHALEY, Chief Justice.

The plaintiff brings this suit as the father of Roger T. Norcutt, deceased, and as his legal representative, although there is no allegation that papers have been taken out as administrator of the estate of the deceased.

It appears that while Robert T. Norcutt was an enrollee of the Civilian Conservation Corps, he became a patient at the Station Hospital, Fort Robinson, Nebraska. It is alleged that he met his death on July 17, 1937, as the result of improper medical care and treatment at the hands of Richard L. Ivins, M. D., a contract physician in the employ of the Army and stationed at Fort Robinson, Nebraska. There is an admission in the petition that the deceased was afflicted with mastoiditis, prior to his enlistment in the Civilian Conservation Corps, and that when he entered the hospital his illness had been diagnosed as "Mastoiditis, chronic, suppurative, moderately severe, right, cause undetermined."

The petition alleges further that, although the deceased was so suffering at the time of his death, the immediate causes of his death were improper medical attention, and an unskilled, illegal and experimental operation performed upon the brain of the deceased by Dr. R. L. Ivins, a contract physician. There are further allegations of improper and negligent care of the body in preparation for burial and shipment, and also of mutilation of the body, failure to embalm it at Crawford, and the necessity of the family having the body properly embalmed after shipment to Ogallala, Nebraska.

As a result of the alleged wrongful, improper, tortious acts, plaintiff seeks damages for "mortification, mental shock, and chagrin," together with the loss of the earnings of the son, extra funeral expenses, expenses of preparing suit, subsequent expenses, and the right of support of plaintiff during his old age.

Plaintiff filed a claim for compensation with the United States Employees' Compensation Commission in April 1938, which was denied because the evidence failed to show that the death was occasioned by traumatic injury resulting from an accident.

A bill was introduced and passed by the Congress for payment of the claim, but this bill never became a law because of the veto by the President on December 18, 1943, on the ground that the law did not permit payment in the case of injury in the Civilian Conservation Corps unless the disability resulted from a traumatic injury.

The petition alleges a case of tort on the part of the doctor performing the operation. It is admitted by the plaintiff in his brief submitted to the court that the conduct which he alleges is a tort and an intentionally malicious act for which criminal action should be brought.

No matter how vicious or malicious a tort, this court is without jurisdiction in cases sounding in tort. Judicial Code Sec. 145, 28 U.S.C.A. § 250; Persful v. United States, 102 Ct.Cl. 232.

Plaintiff's petition, not stating a cause of action within the jurisdiction of the court, must be dismissed.

There is a second reason which bars recovery. Plaintiff alleges that his son died on July 17, 1937, and the cause of action, if any, accrued then. The petition was not filed until January 23, 1945, which is more than six years thereafter. The statute of limitations permits a suit to be

228

brought within six years after the cause of action has accrued. Judicial Code, Sec. 156, 28 U.S.C.A. § 262.

The petition having been filed more than six years from the time the cause of action accrued, the Court has no jurisdiction under the statute.

Defendant's demurrer is sustained and plaintiff's petition is dismissed. It is so ordered.

MADDEN, WHITAKER, and LITTLETON, Judges, concur.

JONES, Judge, took no part in the decision of this case.