## RUMRICH v. UNITED STATES.
### No. 46994.

Court of Claims.
Dec. 2, 1946.

———◆———

Guenther Gustave Rumrich, pro se.

D. B. MacGuineas, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen. (John T. Barker, of Kansas City, Mo., ·on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

JONES, Judge.

Plaintiff, Guenther Gustave Rumrich, under the name of Joseph Rumridge, a name he has used for employment purposes, alleges that in October 1942 he became an employee of the Kaiser Company of Portland, Oregon, and that on June 29, 1943, he was discharged "at the request of the U. S. Army Intelligence." He sues the defendant for the amount he claims would have been earned as wages between June 29 and November 1, 1943, at the regular rate of pay had he not been discharged.

As grounds for recovery plaintiff asserts that the Kaiser Company, while a private concern officially, was de facto an instrumentality of the United States Government, particularly its branch, The United States Maritime Commission, which plaintiff claims put up signs and supervised the pay of the Kaiser employees; that the Kaiser Company paid heed to the Government agency's request for his discharge, and that plaintiff should be compensated for such wrongful action. It is further asserted that in the opinion of petitioner his unlawful discharge indirectly led to his sentence of four years in the Federal Penitentiary on "fictitious check and misleading statement charges."

The issue is whether the petition, on its face, alleges facts on which recovery may be had against the defendant in the United States Court of Claims.

We do not think it does.

The basic facts alleged are almost exactly similar to those on which the case of United States v. Driscoll, 96 U.S. 421, 24 L.Ed. 847, turned, and which involved a cost-plus fixed fee contract. It was held in that case that there was no privity of contract between plaintiff and the United States, that the amount of the wages was merely a part of the measure of the contractor's compensation, and the fact that Ordway, the contractor, who employed plaintiff, presented his vouchers to the Government and received his pay before paying his employees was immaterial.

Since plaintiff in the case at bar was not in the employ of the United States, the acts asserted by plaintiff as illegal and wrongful are allegations in the nature of a tort rather than a contract. At the time these facts arose the United States Court of Claims had no jurisdiction to pass upon claims of this character. Norcutt v. United States, 103 Ct.Cl. 758, 60 F.Supp. 226.

It follows that the demurrer should be sustained and the petition dismissed. It is so ordered.