Komnenus M. SOUKARAS
v.
The UNITED STATES.
No. 346–55.

United States Court of Claims.
May 1, 1956.

Komnenus M. Soukaras, pro se.

George L. Ware, Washington, D. C., with whom was George S. Leonard, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff, presently major, USAR honorary, formerly major, AUS, claims he should have been retired from active duty by reason of physical incapacity due to active service. This suit is for (1) active-duty pay from the date he was released from active duty to the date he accepted an honorary reserve commission, (2) retired pay thereafter, and (3) interest.

Defendant has filed a motion to dismiss plaintiff's amended petition on the grounds (1) the petition shows on its face that it is barred by the statute of limitations, 28 U.S.C. § 2501, and (2) it appears on its face that the petition is based on the tort and, therefore, is barred by 28 U.S.C. § 1491(5), and 28 U.S.C. § 1504.

Title 28 U.S.C. § 2501 provides, in pertinent part, as follows:

"Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed, or the claim is referred by the Senate or House of Representatives, or by the head of an executive department within six years after such claim first accrues."

Title 28 U.S.C. § 1491(5) provides as follows:

"The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States:

\* \* \* \* \* \*

"(5) For liquidated or unliquidated damages in cases not sounding in tort."

Title 28 U.S.C. § 1504 provides as follows:

"The Court of Claims shall have jurisdiction to review by appeal final judgments in the district courts in civil actions based on tort claims brought under section 1346(b) of this title if the notice of appeal filed in the district court has affixed thereto the written consent on behalf of all the appellees that the appeal be taken to the Court of Claims."

The facts alleged in plaintiff's petition are summarized as follows: Plaintiff entered military service June 5, 1928, as second lieutenant, Signal Corps, USAR, and by June 16, 1942, had become major, Signal Corps, AUS. His final tour of active duty was from September 23, 1940, to February 7, 1947. On April 2, 1948, he accepted a commission as major, US AR honorary. While on active duty in England in May 1944, plaintiff experienced hay fever in severe form but defendant negligently failed to provide him treatment and in the exercise of culpable negligence adopted a false, lazy, and convenient theory of his illness. In 1945, while on active duty in Germany, plaintiff again fell victim to hay fever in a more severe and disabling form, and defendant again failed to provide him treatment. Plaintiff was hospitalized in Germany on June 1, 1945, and successively on June 2, 8, and 28, 1945, was processed through hospitals of defendant

in France ending July 10, 1945, on defendant's hospital ship bound for the United States. On July 13, 1945, defendant, for the first time, provided medical treatment. Because of defendant's culpable negligence in failing to rapidly evacuate plaintiff, his incapacity became permanent.

On October 29, 1945, plaintiff appeared before the First Army Retiring Board at Camp Pickett, Virginia, which found plaintiff's disability originated about 1927, and became manifest in May 1944. It recommended permanent limited service.

On January 30, 1946, plaintiff appeared before the Second Army Retiring Board at Staunton, Virginia, which recommended temporary limited service with reexamination in 6 months.

On October 25, 1946, plaintiff appeared before the Third Army Retiring Board at Staten Island, New York. This board found plaintiff permanently incapacitated for active service because of hay fever which originated about 1927, that the incapacity began June 1, 1945, but was not caused by, or the result of, an incident of service, or permanently aggravated by service beyond normal progress, nor was it incurred in combat, or by explosion of an instrumentality of war in line of duty. Plaintiff was recommended for permanent limited service. The Secretary of War approved the findings of the Board by letter to plaintiff dated December 6, 1946, over the signature of the Adjutant General, which advised plaintiff that the War Department considered him permanently physically incapacitated from active military service, and that he was not entitled to retirement pay benefits as his incapacity was not incurred in lien of duty while on active duty as a commissioned officer.

On December 9, 1946, plaintiff was placed on terminal leave and reverted to inactive status effective February 7, 1947, because of physical incapacity. On that date, pay and allowances ceased. This was about 8½ years before this petition was filed. On April 2, 1948, plaintiff accepted a commission as major, USAR. On December 5, 1952, the Army Disability Review Board approved the findings of the retiring board. On November 24, 1953, the Army Board for Correction of Military Records apparently denied plaintiff relief. Petition herein was filed September 13, 1955, and amended September 20, 1955. Therein plaintiff claims the findings of the Army Disability Review Board were arbitrary, capricious, unlawful, fraudulent, unsupported by evidence and contrary to regulations. Plaintiff also claims that defendant, from May 1944 to February 7, 1947, in various ways deceived plaintiff about his illness and condition, previous history of health and the significance of statements made by plaintiff during examinations, all for the purpose of avoiding its guilt, negligence, and ignorance.

This court has, on numerous occasions, held in similar cases that a cause of action first accrues within the meaning of 28 U.S.C. § 2501, supra, when the Secretary of War approves the findings of the retiring board. Odell v. United States, Ct.Cl., 139 F.Supp. 747; Girault v. United States, Ct.Cl., 135 F.Supp. 521.

This court has further held that resort to the disability review board and/or the Army Board for Correction of Military Records is a permissive administrative remedy and does not toll the statute of limitations, supra. Girault v. United States, supra; Cuiffo v. United States, 137 F.Supp. 944, 131 Ct.Cl. 60.

However, plaintiff says the Army was guilty of a fraud upon him and therefore his action is not barred by the 6-year limitation statute.

A careful scrutiny of the petition reveals that plaintiff charges the Army retiring board with deceit, in that the Army was deceiving itself through ignorance of the nature of his disease; i. e., that hay fever is a hereditary disease, and in turn deceived plaintiff. Plaintiff further says the fact that defendant has granted others retirement pay who had contracted hay fever and refused it to him is *prima facie* evidence of fraud.

Plaintiff further alleges in rhetorical paragraph 15 of his petition that "Even to-day 'hay fever' is not an absolutely scientific definition." Again, in rhetorical paragraph 17 of the petition, plaintiff alleges " * * * hay fever is not an *exclusively* hereditary disease but on the contrary that it *can* be acquired like any other disease." (Italics supplied.)

■■ An essential element required to sustain an action for deceit is, generally speaking, that a representation was made as a statement of fact, which was untrue, and known to be untrue by the party making it. 23 Am.Jur. 773. The principle is fundamental that fraud cannot be predicated upon the mere expression of an opinion.

■ Thus we conclude that at most the action or lack of action on the part of the Army doctors was a mistake rather than a fraud. If it was a mere mistake, it could not amount to fraud or give rise to suspicion of fraud. Martin v. Chandis Securities Co., D.C., 33 F.Supp. 478, 480, and cases cited therein.

■ Plaintiff's other allegations that defendant was culpably negligent in failing to provide medical treatment, was ignorant of the disease, was negligent in failing to rapidly evacuate him, failed to provide treatment facilities, or treatment, deceived the plaintiff, knew nothing about treatment for hay fever, put words in plaintiff's mouth and twisted them around to fit defendant's incompetent theories, sound in tort rather than pleading an actionable fraud. Furthermore, it is a familiar principle of equity jurisprudence that where a suit is founded on fraud the statute of limitations does not begin to run until the discovery of the fraud. Green v. United States, 17 Ct.Cl. 174. But this action is founded on the statute and not on fraud. If founded on fraud, it would sound in tort, and it is clear that this court has no original jurisdiction of tort actions. Martilla v. United States, 118 Ct.Cl. 177.

In conclusion, since there is no valid allegation of fraud in the petition, and since this court does not have original jurisdiction of tort actions, plaintiff's cause of action as alleged accrued on December 6, 1946, when the Secretary of War approved the findings of the retiring board. His petition was filed September 13, 1955, more than 6 years after the first accrual of his claim and is barred by the 6-year statute of limitations, supra.

Defendant's motion is granted, and the petition is dismissed.

It is so ordered.

WHITAKER and LITTLETON, Judges, concur.

JONES, Chief Judge, and MADDEN, Judge, concur in the result.