JoNes, Chief Judge,
delivered the opinion of the court:
This is a suit for the recovery of retroactive retirement pay for the period from May 15,1946, to May 10,1949.
The sole issue is whether plaintiff’s claim is barred by the statute of limitations, 28 IT. S. C. § 2501, which is as follows:
Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed, * * * within' sis years after such claim first accrues.
In substance the allegations of plaintiff’s petition are as follows: He entered upon active duty in the Eegular Army on March 18,1942, and served until May 15,1946, when he was released from active duty not by reason of physical disability. During- his service he received an injury to his left elbow.
The plaintiff appeared before a Disposition Board and an Army Untiring Board on January 25,1946 and March 6,1946, respectively, at the Armed Forces General Hospital, Hot Springs, Arkansas. Both boa,rds found him to be *559 permanently disabled as an incident of the service and recommended that he be returned to duty in a permanent limited-service status.
The plaintiff, having stated that he did not desire to continue on active duty in such status, was released from active duty under special orders not by reason of physical disability effective May 15,1946.
The Surgeon General of the Army declined to concur in the findings of the two boards, and plaintiff appeared before another Army Retiring Board which found on May 21,1946, that he was not permanently incapacitated for active service. These findings were approved by the Secretary of War on June 10,1946.
The plaintiff was ordered to active duty on March 12,1947, for the purpose of observation, treatment of his injuries and appearance before a board.
A disposition board on May 1,1947, recommended that the petitioner appear before an Army Retiring Board. He appeared before this Army Retiring Board on May 18, 1947, which board found that he was not permanently incapacitated for active service and such findings were, approved by the Secretary of War on June 2, 1947. The plaintiff was released from active duty not by reason of physical disability on June 13,1947.
On May 10, 1949, plaintiff appeared before the Army Disability Review Board, which board found that he was. permanently incapacitated for active service as of November-13, 1945, and that his incapacity was a result of the service.. The findings of this board were approved by the President and the plaintiff was certified to the Veterans Administration for retirement pay effective May 10, 1949.
On November 10,1952, the Department of the Army issued special orders which recited that by direction of the President the words “not by reason of physical disability” were amended to read “reverted to inactive status by reason of physical disability.”
The plaintiff, on May 13, 1952, appealed to the Army B'oard for Correction of Military Records for the purpose of correcting his records so as to provide a basis for allowing him retroactive pay for the period from May 15, 1946, *560 to May 10, 1949. On April 23, 1953, that board issued its findings denying the plaintiff’s appeal for correction of his records. These findings were approved by the Secretary of the Army on May 6,1953.
The plaintiff, on September 30, 1953, submitted his claim for retirement pay retroactively for the period indicated. This claim was rejected by the Claims Division of the General Accounting Office on April 6, 1954, and a review declined by the General Accounting Office on January 12, 1955.
Since May 10, 1949, the plaintiff has been receiving the retirement pay for an officer retired with the rank of captain, United States Army. He sues for retirement pay at the same rate from May 15,1946, to May 10,1949.
It is apparent from the above recital of facts that plaintiff’s cause of action first accrued not earlier than May 10, 1949. That was the first possible date upon which any authorized board found the facts upon which plaintiff was authorized to bring suit against the defendant on the basis of facts favorably found. The plaintiff filed his suit on May 9, 1955, which was within the six-year statutory period.[1]
In the meantime, the several steps were taken in an endeavor to get his military record corrected and while it was held in the case of Soukaras v. United States, 135 C. Cls. 88, that resort to the Disability Eeview Board or the Army Board for Correction of Military Eecords is a permissive administrative remedy and does not toll the statute of limitations, it is natural that plaintiff should endeavor to make these corrections before instituting suit on the claim.
In addition, it will be noted that by the direction of the President the words “not by reason of physical disability” were amended to read “reverted to inactive status by reason of physical disability.” This order was entered on November 10, 1952. It can be rather persuasively argued that the date upon which this order of correction was entered was the date when this particular claim first accrued, and that the Army Board for Correction of Military Eecords acted arbitrarily in refusing to correct the military record in accord- *561 anee with this particular order. However, since it is clear that the claim of right did not first accrue prior to May 10, 1949, and suit was filed within the statutory period following that date, it is unnecessary to pass on the question as to the later dates.
Defendant’s motion for summary judgment is denied and plaintiff’s motion is granted. Plaintiff will be given judgment for retirement pay of an officer retired with the rank of captain, United States Army, from May 15,1946, to May 10, 1949. The determination’ of this amount will be made pursuant to Eule 38 (c).
It is so ordered.
Madden, Judge; and Littleton, Judge, concur.
Laramore, Jiidge, and Whitaker, Judge, took no part in the consideration and decision of this case.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered June 4,1958, that judgment for the plaintiff be entered for $6,010.69.

 Thomas L. Suter v. United States, 139 C. Cls. 446, certiorari denied, 355 U. S. 926.