Per Curiam:
This case was referred pursuant to Buie 37(e) to Herbert N. Maletz, a trial commissioner of this court, with directions to make his recommendation for conclusion of law on defendant’s motion to dismiss plaintiff’s petition and plaintiff’s motion for summary judgment. The commissioner has done so in an opinion filed November 27, 1962. Plaintiff sought review of the commissioner’s opinion and recommendation for conclusion of law, briefs were filed by both parties and the case was submitted to the court on oral argument by plaintiff, pro se, and counsel for defendant. Since the court is in agreement with the opinion and recommendation of the trial commissioner, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Plaintiff is therefore not entitled to recover. Defendant’s motion to dismiss is granted, plaintiff’s motion for summary judgment is denied and plaintiff’s petition is dismissed.
*486 OPINION 03? COMMISSION35R
The plaintiff is a retired Corps of Engineers employee. He claims in his fro se petition that he was erroneously advised by administrative officials of the Corps of Engineers that he could obtain a lump-sum refund of his retirement deductions were he to resign not later than 31 days prior to his compulsory retirement at the age of 70. He also claims that he acted in accordance with this erroneous advice and as a result suffered damages of $7,100 for which recovery is sought.
Defendant has moved to dismiss on the ground that the claim is one sounding in tort and therefore not cognizable in this court. Plaintiff has failed to respond to this motion but instead has filed a motion for summary judgment contending that the court “has the power ... to impart moral justice”, and “has the right to act in claims sounding in tort.”
The detailed facts as set forth in the petition and accompanying affidavits are as follows: Plaintiff, an employee of the Corps of Engineers at Springfield, Ohio, was subject to compulsory retirement on December 31,1960, since on December 29 he would' have reached the age of 70.[1] Some months before, on or about May 10,1960, he informed an administrative official of his agency that he did not desire to receive a retirement annuity commencing on January 1, 1961, but rather wished to obtain a lump-sum refund of his retirement deductions. The official advised plaintiff that he could obtain the refund if he resigned at least 31 days prior to December 31,1960 — the date of his automatic retirement because of age. This advice was incorrect for in order to be eligible for a lump-sum refund a Government employee must not only be separated at least 31 days prior to eligibility for retirement but also at time of separation he must not be eligible for an annuity.[2] Plaintiff was, in fact, no longer eligible *487 for a refund since lie was, by virtue of age and service, eligible for an annuity. However, relying on tbe erroneous advice, the plaintiff resigned from, his position effective as of November 26, 1960. In December 1960, he was again incorrectly informed by officials in the Personnel Branch of the District Office of the Corps of Engineers, Huntington, West Virginia, that he was entitled to a lump-sum refund of his retirement deductions.
Subsequently, the Civil Service Commission denied plaintiff’s application for refund of retirement deductions on the ground that immediately following his resignation, he was entitled to an immediate annuity.[3]
On or about January 30,1961, the plaintiff made an application for annuity payments which was approved and he has been receiving retirement payments of $108.00 per month from November 26, 1960 — the date of his resignation.[4]
In his petition, plaintiff says that relying on erroneous information that he was entitled to a lump-sum refund, he arranged to purchase an interest in a construction firm for $4,000 and that under the arrangement, the firm was to employ him at a salary of $425.00 per month. He seeks damages of $5,100 for loss of one year’s employment. He claims too that in reliance on the erroneous advice, he secured an option for $500, which amount he lost, and that he incurred an indebtedness of $1,500. Thus, total damages of $7,100 are-sought.
The claim here is based on misrepresentation by the defendant’s officers which the plaintiff relied on to his detriment. The claim thus sounds in tort. Restatement of Torts (1938) § 532; Prosser Torts (1941 ed.) § 87. See also United States v. Neustadt, 366 U.S. 696, 706, fn. 16 (1961). *488 Bepeatedly it bas been held that under the Tucker Act[5] (28 U.S.C. § 1491), which defines the general trial jurisdiction of this court, this court lacks jurisdiction oyer a case sounding in tort regardless of how vicious or malicious the tort may be. See for example, Schillinger v. United States, 155 U.S. 163 (1894); Bigby v. United States, 188 U.S. 400 (1903); Basso v. United States, 239 U.S. 602 (1916) ; Persful v. United States, 102 Ct. Cl. 232 (1944); Norcutt v. United States, 103 Ct. Cl. 758 (1945); Soukaras v. United States, 135 Ct. Cl. 88 (1956), cert. den. 352 U.S. 918; Locke v. United States, 151 Ct. Cl. 262 (1960), 283 F. 2d 521.[6]
There remains one further consideration. A statute adopted in 1960 (28 U.S.C. § 1506) provides that “If a case within the exclusive jurisdiction of the district courts is filed in the Court of Claims, the Court of Claims shall, if it be in the interest of justice, transfer such case to any district court in which it could have been brought at the time such case was filed, where the case shall proceed as if it had been filed in the district court on the date it was filed in the Court of Claims.” No purpose would be served, however, by transferring the present case to the appropriate district court for proceedings under the Federal Tort Claims Act by reason of the fact that that statute (28 U.S.C. § 2680 (h)) specifically exempts the United States from liability for “(a)ny claim arising out of ... . misrepresentation, deceit . . .” This exemption is applicable whether the misrepresentation be wilful or merely negligent. United *489 States v. Neustadt, supra; National Mfg. Co. v. United States, 210 F. 2d 263 (C.A. 8, 1954), cert. den. 347 U.S. 967; Jones v. United States, 207 F. 2d 563 (C.A. 2, 1953), cert. den. 347 U.S. 921. See also Jones v. United States, 126 F. Supp. 10 (D.C. D.C. 1954), affirmed 228 F. 2d 52 (C.A. D.C. 1955). A transfer here would thus be fruitless.

 5 U.S.C. § 2255 provides that when an employee reaches the age of 70 and completes 15 years of service, he is automatically separated from the service on the last day of the month in which he attains that age. See also 5 CFR §29.17 ami).

 5 U.S.C. § 2261(a) provides in part that “Any employee . . . who is separated from the service . . . shall be paid the lump sum credit .provided his separation . . . occurs and application for payment is filed with the (Civil Service) Commission at least thirty-one days before the earliest commencing date of any annuity for which he is eligible.”

 After this determination, the Corps of Engineers by letter dated February 1, 1962, advised plaintiff that it could make no decision on Ms application for refund of retirement deductions since the Civil Service Commission had jurisdiction over the matter.

 When plaintiff resigned on November 2.6, he forfeited about 89 hours of accrued annual leave. Had he remained in the service until the expiration of that leave, he would have been entitled to payment for an additional 8 hours of leave. In short, by relying on erroneous administrative advice he lost 97 hours of leave, amounting to about $331.74. On January 10, 1962, a bill, H.R. 9576, was introduced to reimburse him for $304.38. On March 24, 1962, there was an apparent administrative settlement of the claim under which plaintiff received $331.98 for lost annual leave.

 The Tucker Act provides as follows: The Court of Claims shall have jurisdiction to render judgment upon any claim against the united States: (1) Founded upon the Constitution ; or (2) Founded upon any Act of Congress ; or (S) Founded upon any regulation of an executive department; or (4) Founded upon any express or implied contract with the united States; or (5) For liquidated or unliquidated damages in cases not sounding in tort.

 There is an exception to this principle where the action involves a taking by the Government of property for a public use under the Fifth Amendment or recovery is sought of money wrongfully collected by the Government under a statute or regulation. In such an action where the Government had actual possession of money or property of the plaintiff, the court has jurisdiction under the Tucker Act even though tortious overtones exist, since the suit is founded on the Constitution, an Act of Congress, or a departmental regulation. United States v. State Bank, 96 U.S. 30 (1877) ; Dooley v. United States, 182 U.S. 222 (1901) ; United States v. Causby, 328 U.S. 256, 267 (1946) ; Foster v. United States, 120 Ct. Cl. 93 (1951) ; Clapp v. United States, 127 Ct. Cl. 505, 508-513 (1954), cert. den. 348 U.S. 834; Pan American World Airways v. United States, 129 Ct. Cl. 53, 55-56 (1954).