Civilian fay; alleged acii/oe duty agreement. — On January 4,1974 the court issued the following order:
“This case comes before the court on plaintiff’s motion for summary judgment, filed April 27, 1973, and defendant’s cross-motion for summary judgment, filed July 2,1973. Upon consideration thereof, together with the responses filed thereto, without oral argument, it appears that the plaintiff alleges and claims that his release from extended active duty in the Air Force was capricious and contrary to applicable regulations and in breach of an allegedly contractual agreement binding the Air Force to retain the plaintiff on active duty. Plaintiff seeks $1 million in damages. The court concludes that no contract, implicit or otherwise, was formed binding the Air Force to retain plaintiff on active duty and, *741 further, that it was proper to release plaintiff from active duty. See Mercereau v. United States, 155 Ct. Cl. 157, 158 (1961); Pauls v. Secretary of the Air Force, 457 F. 2d 294 (1st Cir. 1972). The court further concludes that no Air Force regulation cited by the plaintiff proscribes the transfer of plaintiff from extended active duty. Finally, if any claim for relief is stated in the petition, it is in the nature of a tort claim which is outside the jurisdiction of this court. McCreery v. United States, 161 Ct. Cl. 484 (1963).
“it is therefore ordered that the plaintiff’s motion for summary judgment is denied, that defendant’s cross-motion for summary judgment is granted, and that the petition is dismissed.”
On April 12, 1974 plaintiff filed a petition for a writ of certiorari.