Court of Claims jurisdiction; tort claim. — Plaintiffs allege that officers and representatives of the United States Army entered into negotiations with decedent, a minor, and *897 his parents leading to agreements whereby the parents gave their consent to the enlistment of their son on condition that he would not be assigned to a combat zone or to combat duties until he reached 18, that the agreement was breached when defendant sent the son into Vietnam and assigned him to a helicopter engaged in combat activities, and that he was subsequently shot down by enemy fire and killed. The parents and administrator of the estate of decedent seek damages for said death. On April 25,1975 the court issued the following order:
Before skeltoN, Judge, Presiding, kashiwa and kttNzig, Judges. '
“This case comes before the court on defendant’s motion to dismiss, filed September 23,1974, on the ground that the petition sounds in tort and that this court has no original jurisdiction of tort actions. McCreery v. United States, 161 Ct. Cl. 484 (1963). Upon consideration thereof and of plaintiffs’ response and of defendant’s reply and of plaintiffs’ response thereto, the court concludes that the motion should be granted because the action though pleaded in a contract form is an action sounding in tort over which this court has no jurisdiction under 28 U.S.C. § 1491 (1970); Martilla v. United States, 118 Ct. Cl. 177 (1950); Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 372 F. 2d 1002 (1967); Clark v. United States, 198 Ct. Cl. 593, 461 F. 2d 781, cert. denied, 409 U.S. 1028 (1972); and on the basis tereof,
“it is ordered that defendant’s motion to dismiss is hereby granted and that plaintiffs’ petition be and the same is hereby dismissed.”
Plaintiffs’ motion for reconsideration was denied May 30, 1975.