Contracts; breach; Disaster Belief Act of 1970; Small Business Administration disaster loan; extent of restoration of property. — On June 11,1976 the court entered the following, order:
■ Before Davis, Judge, Presiding, Nichols and Kunzig, Judges.
“In this contracts action plaintiff, a resident of Los An-geles, seeks to recover damages and repair costs occasioned by defendant’s breach of an alleged express agreement to extend funds fully to restore damaged property. Plaintiff claims that he is entitled to recover based on defendant’s refusal to perform a contract executed by the Small Business Administration (SBA).
“Defendant now enters- a motion for summary judgment contending that plaintiff cannot recover based on a breach of express contract. Plaintiff counters with a cross-motion for partial summary judgment arguing that he is entitled to recover on the issue- of defendant’s liability. Upon consideration of the parties’ motions, briefs and attachments, we hold for defendant.
“On February 9, 1971, a retaining wall in plaintiff’s back yard was destroyed' in an earthquake. A portion of plaintiff’s property- began to slide downhill. Pursuant to the Disaster Belief Act of 1970, 84 Stat. 1744 and 15 U.S.C. § 636(b) (1) (1970), defendant advertised the availability of loans to assist in cleanup and repair. Plaintiff responded by applying for an SBA disaster loan. His application included two *707 estimates of repair costs, one for $3200 and a second for $2400. After an appraiser set plaintiff’s earthquake damage at $2400, the SBA on July 25, 1972, authorized a loan to-plaintiff in this amount. The SBA notified plaintiff of its decision on August 3, 1972. Plaintiff repaired the retaining ■wall and on May 1, 1973, defendant loaned plaintiff the $2400.
“Despite such efforts, the repair work was unsuccessful. The retaining wall failed again. Plaintiff attributes the second failure to defendant’s breach of the alleged promise to provide enough funds fully to restore his property to its original condition. Plaintiff brings the instant action in an attempt to recover damages attributable to defendant’s alleged contract breach.
“The sole basis for plaintiff’s suit is his belief that defendant executed an express written agreement promising fully to restore the retaining wall to its predisaster condition. Plaintiff relies on the Disaster Belief Act, SBA statutes, regulations and loan documents in support of his breach of contract claim. However, plaintiff has been unable to establish that he and defendant entered into an express contract for full reimbursement of plaintiff’s disaster costs.
“The aim of the legislative provisions is to provide loan funds to mitigate the effect of disasters. However, nothing in these statutes mandates a contractual obligation on the part of the Government fully to restore property to pre-disaster conditions. To the contrary, the SBA’s loan decision is a matter of discretion. Cf. Raitport v. Small Business Administration, 380 F. Supp. 1059 (E.D. Pa. 1974).
“The disaster relief regulations equally do not compel reimbursement. 13 C.F.B. § 123.3 relied upon by plaintiff is merely a general statement of intent:
The purpose of these loans is to restore a victim’s home * * * as nearly 'as possible to predisaster condition [s]. [13 C.F.B. § 123.3(a) (1) (1976)].
Like the disaster relief statutes, the regulation does not contractually obligate defendant to pay for plaintiff’s disaster losses.
“Finally, the loan documents do not evidence an express-agreement fully to reimburse plaintiff. The application is *708 clearly labeled ‘Application for Disaster Loan-Home.’ The . authorization contains the heading ‘Unsecured Disaster Loan-Direct.’ The August 3,. 1972, notification to plaintiff ■ begins with the phrase ‘Your loan request has been approved * * *.’• The May 1, 1973, agreement bears the legend .. ‘Disaster Loan-Agreement.’ Nowhere in any of these documents does defendant obligate itself to do anything other than lend $2400 to plaintiff for repair of the retaining wall. Plaintiff’s express contract claims based on the loan docu- ■ ments cannot be upheld. -
■ “We note that on a motion for summary judgment all .facts .must be .considered in a light most favorable to the non-moving party. Housing Corporation v. United States, 199 Ct. Cl. 705, 468 F. 2d 922 (1972). We have so considered -the facts presented in the instant case in evaluating defendant’s motion. However, general conclusions do not substitute for genuine issues of fact. Gross v. United States, 205 Ct. Cl. 605, 613, 505 F. 2d 1271, 1276 (1974). Paced with . defendant’s motion for summary judgment plaintiff must do more than merely allege the existence of an express con- ■ tract to pay his repair costs. He has failed in this duty.
“Accordingly', for the reasons stated above, it is hereby ordered that defendant’s motion for summary judgment is "granted, plaintiff’s cross-motion for partial summary judg- ■ ment is denied, and the petition is dismissed.”