**Allen Aaron JACKSON**

v.

**The UNITED STATES.**

**No. 259–76.**

United States Court of Claims.

March 23, 1977.

James M. Garlock, San Francisco, Cal., atty. of record for plaintiff. Belli & Choulos and Melvin M. Belli, San Francisco, Cal., of counsel.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Acting Asst. Atty. Gen. Irving Jaffe, New York City, for defendant.

Before SKELTON, KUNZIG and BENNETT, Judges.

## ON DEFENDANT'S MOTION TO DISMISS

SKELTON, Judge:

The plaintiff enlisted in the United States Army on February 25, 1974, for a term of three years by signing written documents of enlistment, which are discussed below. He alleges that the recruiting officer agreed with him that plaintiff would be allowed to attend an automotive mechanical maintenance school of the 1st Inf. Div. (M) at Fort Riley, Kansas, and that plaintiff would not be assigned to any dangerous-combative-type military maneuvers or functions. He reported for duty at Fort Riley, Kansas, on May 11, 1974, and was assigned to a tank division. On May 20, 1974, he was required to engage in dangerous combatant type maneuvers with his tank unit and during the maneuvers one of the tanks ran over the plaintiff, causing him to have the lower half of his body, from the navel down, amputated. Plaintiff argues that because of the foregoing, the Army breached the enlistment contract, and he sues here to recover $5,000,000 for such breach. The plaintiff is totally disabled and has been receiving total disability benefits in Grade PV2 since May 29, 1974.

The case is before us on defendant's motion to dismiss the plaintiff's petition. The defendant says that although plaintiff has couched his suit in terms of a contract action, his claim sounds in tort over which this court has no jurisdiction. Also, the defendant alleges that the enlistment documents signed by the plaintiff, copies of which are attached to defendant's reply brief, nowhere contain any provision that the plaintiff would not be assigned to any dangerous-combative-type military maneuvers or functions, and that if any such agreement was made orally by the recruiting officer, it was done without authority and contradicts the written enlistment documents and was and is null and void.

The Department of the Army records disclose that on February 25, 1974, plaintiff began his active duty service at the Chicago Armed Forces Entrance and Examination Station (AFEES). While at the station, plaintiff executed (1) Department of Defense Form 4 (DD 4), Enlistment Contract-Armed Forces of the United States; (2) Department of the Army Form 3286 (DA 3286), Statements for Enlistment, Parts I through V; and (3) Department of the Army Form 3286–47–R, Statements for Enlistment, Part VI.

In executing DA Form 3286, plaintiff acknowledged in Part 1, General Statement of Understanding, that "All promises made to me are contained in Items 3 (Rate/Grade), 37 (Rate/Grade Appointed/Reappointed), 48 (Untitled Item) of the DD Form 4, my Enlistment Contract." In the DD 4 executed by plaintiff, Items 3, 37 and 48 state in sequential order: "PVIE–1," "NA," "ENL FOR SUE ENL OPT (TABLE 5–41) 1ST INF DIV, FT RILEY, KS AND MOS 63A10 MECH MAINT." There were no promises made in the documents pertaining to service with any dangerous-combative-type military maneuvers or functions of the U. S. Army.

Also, DA Form 3286 contained the following provision:

f.  My choice of initial enlistment option shown in Item 48 of my DD Form 4 does not constitute any guarantee that a substantial part of my enlistment will be served in this option, and the needs of the service may result in my transfer at any time (other than as may be provided by the specific option selected) to any other assignment within the continental United States or to an oversea command.

Part VI of DA Form 3286–47–R specified:

b.  Unless I have previously completed basic or basic combat training (BCT) and served in the Army or Marine Corps in the past 3 years, I must complete BCT prior to undergoing advanced individual training (AIT).

c.  Upon completion of BCT, I will undergo AIT in military occupational specialty *MOS (OJT) 63A10 MECHANICAL MAINTENANCE* (Enter the MOS for which enlisted)

In executing DA Form 3286–47–R, plaintiff acknowledged that no other promises, representations, or commitments had been made to him other than as to the statements set forth in this document, by writing in the word "None," as shown as follows:

2.  UNDERSTANDING: I have read and understand each of the statements above and the statements contained in other parts of DA Form 3286, signed by me, and understand that they are intended to constitute all promises whatsoever concerning my enlistment. Any other promise, representation, or commitment made to me in connection with my enlistment is written below in my own handwriting, or is hereby waived. (If none, write "None.")

X None

It is clear from the above enlistment documents the plaintiff signed that:

(1) Before the plaintiff could take the mechanical maintenance course he had to complete basic combat training. It is apparent that plaintiff had not complied with this requirement, as he had only been at Ft. Riley nine days when he was injured and obviously was engaged in basic combat training at the time of his injury. The plaintiff agrees that this is true.

(2) The plaintiff could be placed in any assignment at any time according to the needs of the service.

(3) The plaintiff stated in his own handwriting that no promises had been made to him in connection with his enlistment other than those contained in the enlistment documents he had signed, which are discussed in detail above.

(4) No promise, representation, commitment, agreement, or contract was made between the Army and the plaintiff in the enlistment documents in connection with his enlistment that provided that he would not be assigned to any dangerous-combative-type military maneuvers or functions during his service in the Army. It is clear that the documents, *supra,* executed by plaintiff upon entering active duty service in the Army, imposed no obligation on the United States to refrain from having plaintiff participate in a field training exercise, nor was there any prohibition from utilizing plaintiff in field training exercises.

▇▇▇ Notwithstanding plaintiff's positive statement in the enlistment documents that no promises or representations were made to him other than those in the written

documents, he now claims that he was promised by the recruiting officer that he would not be assigned to dangerous or combat-type military duties. He does not state whether such promises were oral or written, but since they are not in the written enlistment papers, he evidently contends that the representations and promises were made orally by the recruiting officer. If this is true, such oral promises and representations, if they were made by the recruiting officer, are not binding on the government. In *Goldstein v. Clifford*, 290 F.Supp. 275 (D.N.J.1968), it was held:

> The enlistment instrument and the statutory law in effect when it was signed constitute the enlistment contract. * * * [*Id.* at 279.]

*See also United States ex rel. Norris v. Norman*, 296 F.Supp. 1270 (N.D.Ill.1969) and *Pfile v. Corcoran*, 287 F.Supp. 554 (D.Colo.1968). In our opinion, 10 U.S.C. § 505 requires written instruments for an enlistment. Otherwise, there would be no way the government could determine which branch of the service was involved nor the term or conditions of the enlistment.

▇▇▇ Even if the Army recruiter made the alleged oral promises to the plaintiff, which defendant denies, plaintiff cannot recover on his contract theory unless he shows that the recruiter had the actual authority to make the statements on which plaintiff says he relied. *Housing Corp. of America v. United States*, 468 F.2d 922, 199 Ct.Cl. 705 (1972); *Operational Manuals, Inc. v. United States*, 506 F.2d 1406, 205 Ct.Cl. 854 (1974). One who purports to contract with the United States assumes the risk that the official with whom he deals is clothed with the actual authority to enter the contract alleged. *Federal Crop. Ins. Corp. v. Merrill*, 332 U.S. 380, 384, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *Haight v. United States*, 538 F.2d 346, 209 Ct.Cl. 698 (1976), *cert. denied*, 429 U.S. 841, 97 S.Ct. 116, 50 L.Ed.2d 110 (1976). Moreover, the United States is not estopped to deny the authority of its agents. *California-Pacific Util. Co. v. United States*, 194 Ct.Cl. 703, 720 (1971); *Putnam Mills Corp. v. United States*, 479 F.2d 1334, 202 Ct.Cl. 1 (1973). The plaintiff has not proven that the recruiter had actual authority to make the alleged oral promises or representations, if he did in fact make them. It is well settled that the United States is not bound by its agents acting beyond their authority and contrary to regulation. *Federal Crop. Ins. Corp. v. Merrill*, *supra*; *Porter v. United States*, 204 Ct.Cl. 355, 496 F.2d 583 (1974), *cert. denied*, 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 761 (1975); *Operational Manuals, Inc. v. United States*, *supra*. In the present state of the record, the court is required to conclude that the recruiter did not make the alleged promises and representations, or, if he did make them, he had no authority to do so. In either case, the plaintiff has no claim for damages for breach of contract.

After a thorough, careful, and comprehensive review of the facts in this case by the court in view of the shocking severity of the plaintiff's injuries, we conclude that although plaintiff attempts to cast his complaint in terms of breach of an enlistment contract, the action sounds in tort. This court, pursuant to 28 U.S.C. § 1491, has no original tort jurisdiction. *Martilla v. United States*, 118 Ct.Cl. 177 (1950); *Eastport Steamship Corp. v. United States*, 372 F.2d 1002, 178 Ct.Cl. 599 (1967); *Clark v. United States*, 461 F.2d 781, 198 Ct.Cl. 593, *cert. denied*, 409 U.S. 1028, 93 S.Ct. 465, 34 L.Ed.2d 322 (1972); *Bibbs v. United States*, 521 F.2d 1405, 206 Ct.Cl. 896, *cert. denied*, 423 U.S. 985, 96 S.Ct. 393, 46 L.Ed.2d 302 (1975).

In *McCreery v. United States*, 161 Ct.Cl. 484, 487–88 (1963), this court stated:

> The claim here is based on misrepresentation by the defendant's officers which the plaintiff relied on to his detriment. The claim thus sounds in tort. *Restatement of Torts* (1938) § 532; Prosser *Torts* (1941 ed.) § 87. See also *United States v. Neustadt*, 366 U.S. 696, 706, fn. 16, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). Repeatedly it has been held that under the Tucker Act (28 U.S.C. § 1491), which defines the general trial jurisdiction of this court, this court lacks jurisdiction

**286**

over a case sounding in tort regardless of how vicious or malicious the tort may be. * * * [Footnote omitted.]

The case of *Bibbs v. United States, supra,* is very much in point. In that case we held:

* * * Upon consideration thereof and of plaintiffs' response and of defendant's reply and of plaintiffs' response thereto, the court concludes that the motion should be granted because the action though pleaded in a contract form is an action sounding in tort over which this court has no jurisdiction under 28 U.S.C. § 1491 (1970); *Martilla v. United States,* 118 Ct.Cl. 177 (1950); *Eastport Steamship Corp. v. United States,* 372 F.2d 1002, 178 Ct.Cl. 599 (1967); *Clark v. United States,* 461 F.2d 781, 198 Ct.Cl. 593, *cert. denied,* 409 U.S. 1028, 93 S.Ct. 465, 34 L.Ed.2d 322 (1972); and on the basis thereof,

IT IS ORDERED that defendant's motion to dismiss is hereby granted and that plaintiffs' petition be and the same is hereby dismissed. [521 F.2d 1405, 206 Ct.Cl. at 897.]

 If plaintiff's claim is based on the act or omission of the recruiting officer, an employee of the government, it would be excluded from coverage under the Tort Claims Act, 28 U.S.C. § 2680(a); *Clark v. United States, supra.* Furthermore, under 28 U.S.C. § 2401(b), a tort claim against the United States is barred two years after such claim accrues. This time period has expired in the instant case. Accordingly, no purpose would be served by transferring the instant case, under 28 U.S.C. § 1506, to the appropriate district court which has tort claims jurisdiction for proceedings under the Federal Tort Claims Act. Even if the limitations question were not involved and the case could be transferred to an appropriate district court, the plaintiff would be confronted with the decision of the Supreme Court in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) involving an Army lieutenant who was killed in a fire in an Army barracks, in

which the Court stated at 141, 71 S.Ct. at 157.

* * * We know of no American law which ever has permitted a soldier to recover for negligence, against either his superior officers or the Government he is serving. * * * [Footnote omitted.]

The court deeply sympathizes with the plaintiff for the severe injuries he received while serving our country in the United States Army. However, the court is without jurisdiction, authority, or power to grant him any relief. It may be that he could get help from Congress by way of a Congressional Reference case, but that is for him to decide.[1]

We hold that plaintiff's case sounds in tort and not in contract, and that we have no jurisdiction of his case. See 28 U.S.C. § 1491 and cases cited above.

The defendant's motion to dismiss is granted and plaintiff's petition is dismissed.

1. J. Glosser, *Congressional Reference Cases in the United States Court of Claims: A Historical* and Current Perspective, 25 Am.U.L.Rev. 595 (1976).