"This case is before the court on defendant’s motion for summary judgment. On the parties’ submissions, and without oral argument, we hold that the defendant’s motion should be granted.[1]
"Plaintiffs case, very briefly, is a suit to recover damages that he allegedly suffered because the Small Business Administration (SBA) refused to loan money to him. In *887 September 1969, plaintiff obtained a $70,000 SBA loan to fund his business, the Annawan Grain & Feed Company. Needing additional funds to improve and expand his business, he applied for a second loan later that year. His application for the second loan was denied by the SBA and plaintiff now alleges that his subsequent financial difficulties (including a Chapter XI bankruptcy) stemmed from the SBA’s allegedly wrongful refusal to extend the additional funds. He has already tested out these allegations in actions in the Seventh Circuit,[2] receiving adverse decisions which the defendant asserts fully estop him here. We do not pause to consider this collateral estoppel defense because we are convinced that in any event plaintiff has not stated a claim within this court’s jurisdiction.
"The decision whether to make an SBA loan is discretionary and plaintiff was therefore never legally entitled to receive the money at issue. See, e.g., Bogart v. United States, 210 Ct. Cl. 706, 707 (1976); Raitport v. SBA, 380 F. Supp. 1059 (E.D. Pa. 1974). At the time of his application for the second loan, plaintiff was already delinquent with his payments on his first loan and the SBA officials were certainly authorized to consider his previous payment record when deciding on his second application. There was clearly no abuse of discretion on this score. Plaintiffs allegations that certain SBA officials acted illegally, conspired against him, and made misrepresentations which caused him economic injury are wholly unsupported; moreover, such assertions pertain to a claim sounding in tort, and insofar as his suit seeks recovery for these alleged illegal acts it is not cognizable in this court. See, e.g., Jackson v. United States, 213 Ct. Cl.354, 591 F.2d 282 (1977); McCreery v. United States, 161 Ct. Cl. 484, 487-88 (1963).[3]
"In addition, plaintiff applied for the loan in 1969; his application was denied the same year. Suing under this court’s Tucker Act jurisdiction, he is required to meet the *888 Act’s six-year statute of limitations. See, e.g., Kabua v. United States, 212 Ct. Cl. 160, 546 F.2d 381, cert. denied 434 U.S. 821 (1977). He filed in this court on February 4, 1977, more than seven years after the loan was denied, and his pleadings do not offer any legal bases upon which we could lift the bar imposed by the statute of limitations.
"Accordingly, because plaintiffs submissions do not make out a prima facie case on any grounds which are within our jurisdiction, it is ordered and concluded that defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed.”

 As a result, plaintiffs motion for appointment of counsel for the further prosecution of his suit is denied.

 Shoemaker v. Dwyer and SBA, No. RI-CIV 72-19, S.D. Ill., order of June 7, 1972, Morgan J., appeal dismissed as frivolous, U.S. Court of Appeals for the Seventh Circuit, order of Oct. 12, 1972, No. 72-1630, cert. denied, 412 U.S. 902 (1973).

 Similarly beyond our jurisdiction are plaintiffs demands for punitive damages (Lewis v. United States, 208 Ct. Cl. 969, 970 (1975)) and for damages for violation of constitutional equal protection. Muehlen v. United States, 209 Ct. Cl. 690 (1976).