**Martha L. HARGROVE, Administratrix, of the Estate of Aaron A. Hargrove, deceased**

v.

**The UNITED STATES.**

No. 208–82C.

United States Claims Court.

Dec. 21, 1982.

Saad El-Amin, Richmond, Va., for plaintiff. Raymond L. Palmer and El-Amin, Palmer & Buchanan, Richmond, Va., of counsel.

Michael D. Morin, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## DECISION ON DEFENDANT'S MOTION TO DISMISS

PHILIP R. MILLER, Judge:

Plaintiff, the administratrix of the estate of Aaron A. Hargrove, brought this suit against the government on April 26, 1982, for $2,000,000. The petition alleges that on May 20, 1980, the decedent was a private first-class in the Army National Guard on active duty operating a front-end loader when the loader picked up excess speed on a downgrade, went out of control and turned over, crushing the decedent. The petition alleges a breach of an express and implied warranty by the government to Private Hargrove that the vehicle, manufactured to government specifications, was safe for the purposes for which he was required to operate it, when in fact it was not, and also breach of an implied warranty to provide a safe vehicle to the decedent to perform his assigned duties.

Defendant moves to have the action dismissed on the ground that the court has no jurisdiction because: (1) the action sounds

in tort; (2) to the extent it is alleged to be based on contract, the petition contains no allegations of fact supporting an express or implied contract; and (3) if based on an implied contract, it is a contract implied in law and not in fact.

Insofar as pertinent, the jurisdiction of the Court of Claims, in which this action was originally brought, and to which this court has succeeded, is confined to a claim founded upon "any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491.

■ The claim of an express contract is deficient in that it fails to set forth the facts upon which it depends. Court of Claims Rule 35(a); Claims Court Rule 8(a).

■ The only kind of implied contract over which this court has jurisdiction is a contract implied in fact; it has no jurisdiction over a contract implied in law. *Merritt v. United States,* 267 U.S. 338, 341, 45 S.Ct. 278, 279, 69 L.Ed. 643 (1925); *Porter v. United States,* 204 Ct.Cl. 355, 365 n. 5, 496 F.2d 583, 590 n. 5 (1974), *cert. denied* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 761 (1975). A contract implied in law is one "where, by fiction of law, a promise is imputed to perform a legal duty", *Baltimore & Ohio RR. v. United States,* 261 U.S. 592, 597, 43 S.Ct. 425, 426, 67 L.Ed. 816 (1923); *Algonac Mfg. Co. v. United States,* 192 Ct.Cl. 649, 673–74, 428 F.2d 1241, 1255–56 (1970). An allegation of breach of an implied warranty that a vehicle is not dangerous to the user, without more, is merely a claim for a breach of a contract implied in law. A contract with the government implied in fact must be one—

> founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding.

*Baltimore & Ohio RR. v. United States, supra,* 261 U.S. at 597, 43 S.Ct. at 426; *Harley v. United States,* 198 U.S. 229, 25 S.Ct. 634, 49 L.Ed. 1029 (1905); *Porter v.*

*United States, supra,* 204 Ct.Cl. at 365, 496 F.2d at 590. The claim of a contract implied in fact is also deficient here because it fails to set forth facts upon which that conclusion is based. There is no allegation of a meeting of the minds with any authorized government agent.

■ Despite the manner in which the language of the petition is framed, it is apparent that the claim sounds in tort— negligence by the government in designing and testing the front-end loader and furnishing to the decedent a dangerous instrumentality with which to perform his assigned duties. This court has no jurisdiction of such a claim. *See Bibbs v. United States,* 206 Ct.Cl. 896, 897, 521 F.2d 1405, *cert. denied* 423 U.S. 985, 96 S.Ct. 393, 46 L.Ed.2d 302 (1975); *Jackson v. United States,* 216 Ct.Cl. 25, 45, 573 F.2d 1189, 1199 (1978); *McCreery v. United States,* 161 Ct.Cl. 484, 487–88 (1963).

■ The district courts have jurisdiction of tort claims actions (28 U.S.C. § 1346(b)), and 28 U.S.C. § 1631 provides that the court, when it finds that there is a want of jurisdiction, shall "if it is in the interest of justice, transfer such action * * * to any other such court in which the action * * * could have been brought." However, the Supreme Court has held that the Tort Claims Act does not permit recovery against the United States for the negligence of government officials causing service connected injury to military personnel while on active duty, Congress having provided a different system of benefits for such injuries. *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950); *Stencel Engineering Corp. v. United States,* 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977); *Jackson v. United States, supra,* 216 Ct.Cl. at 44, 573 F.2d at 1198–99. Accordingly, transfer of this case to a district court pursuant to 28 U.S.C. § 1631 would not be "in the interest of justice." *See Goewey v. United States,* 222 Ct.Cl. 104, 108, 612 F.2d 539, 541 (1979).

Defendant's motion to dismiss is granted and the petition is dismissed.