**SOUTHERN STATES HENRY CO–OPERATIVE, INC.**

v.

**The UNITED STATES.**

No. 311–83C.

United States Claims Court.

Feb. 13, 1984.

David G. Mason, New Castle, Ky., attorney of record for plaintiff.

Lynn J. Bush, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard

---

K. Willard, Washington, D.C., for defendant. Brian M. Kane, Dept. of Agriculture, Atlanta, Ga., of counsel.

## OPINION

WOOD, Judge:

In this action, plaintiff, a Kentucky corporation engaged in the business of supplying farmers with fertilizers, chemicals, and other materials for the production of crops, sues to recover $25,297.63, plus interest, claimed to be due in consequence of a breach of an asserted agreement between plaintiff and the Farmers Home Administration (FmHA).

Plaintiff alleges that in April 1981 "conversations," an FmHA representative and plaintiff agreed that plaintiff would furnish to a named FmHA mortgagor in Henry County, Kentucky, "the necessary farming supplies for the production of crops on the said [mortgagor's] farm * * * in such amounts as may be necessary for the production of [the mortgagor's] crops for the said year," and that, following "the end of the said year when the crops were sold * * *," FmHA would "pay and re-imburse the plaintiff for the supplies" from the proceeds of the sale. Plaintiff further alleges that FmHA received some $70,000 from the sale of the mortgagor's crops, but nonetheless "failed and refused to pay the plaintiff for the said supplies which produced [sic] the said crops * * *." In consequence, plaintiff asserts, FmHA not only was "unjustly enriched by the proceeds of the crops that were produced with the plaintiff's fertilizer and chemicals," but also breached its agreement with plaintiff by failing and refusing to pay plaintiff for such materials as it had promised to do.[1]

After answering the complaint in July 1983, defendant moved for summary judgment.[2] Accepting, for purposes of its motion, plaintiff's claim of an agreement between it and FmHA, defendant contends that the FmHA representative who entered into the agreement lacked authority to bind defendant to any such agreement, because the commitment made to plaintiff was contrary to FmHA regulations and beyond the scope of his authority. Defendant also asserts that this court lacks jurisdiction to award money damages against the United States on the ground of unjust enrichment.[3]

Plaintiff has filed no objection or response to defendant's motion for summary judgment, and the time for filing any such objection or response under RUSCC 83.2(c) has now expired. After careful consideration of plaintiff's complaint (with exhibits), defendant's answer, and the motion for summary judgment and brief in support thereof (with appendix), on file in this case, defendant's motion is granted. The complaint will be dismissed pursuant to RUSCC 58.

### I

For present purposes, the facts stated herein are not disputed.[4]

In April 1981, FmHA's managing agent for Henry County, Kentucky, orally agreed with plaintiff that plaintiff should furnish farming supplies to one of FmHA's mortgagors to be used in the production of crops on the mortgagor's farm, and that at the end of the year, when those crops were sold,

1. According to plaintiff's complaint, FmHA has subsequently purchased the mortgagor's farm for the amount of its mortgage at a foreclosure sale and presently "does * * * own and possess the farm * * *," and the mortgagor has subsequently been "releaved of all responsibility thereon in bankruptcy * * *" [sic].

2. In September 1983, at defendant's request, the court granted it to and including November 18, 1983, within which to file a dispositive motion herein. By orders dated December 6, 1983, and December 20, 1983, defendant received extensions of time within which to file

such a motion. Its motion was filed and served in December 1983. Plaintiff has thus had ample notice of the course defendant intended to take, and adequate opportunity to oppose it.

3. There is also an argument that the alleged agreement between plaintiff and FmHA was unsupported by consideration. The argument need not be, and is not, reached here.

4. Defendant does reserve the right to litigate plaintiff's factual assertions should its motion be denied.

FmHA (which, as of April 1981, had advanced considerable monies to the mortgagor and which held perfected security agreements creating security interests in favor of FmHA in, *inter alia,* all crops owned by the mortgagor) would reimburse plaintiff for those supplies from the "first proceeds" of the sale of the said crops.[5]

At the end of the year, FmHA, with the permission of its mortgagor, harvested and sold the crops (as well as the mortgagor's farm equipment and hogs) but failed and refused to pay plaintiff the amounts advanced to the mortgagor pursuant to the April 1981 agreement. Plaintiff in fact advanced supplies for the production of crops to the mortgagor of a total value of $25,-297.63.[6] But for those supplies, no crops would have been produced by the mortgagor.

## II

### A

■ FmHA regulations with respect to operating loan policies, procedures, and authorizations in force throughout the time frame here relevant included an explicit provision that:

> FmHA employees will not guarantee repayment of advances from other credit sources, either personally or on behalf of applicants, borrowers, or FmHA.[7]

Defendant contends, and properly, that this regulatory prohibition against a guarantee by (*inter alia*) an FmHA county supervisor that advances of credit will be repaid by FmHA is fatal to plaintiff's claim of breach of contract. *Barretville Bank & Trust Co. v. United States,* 2 Cl.Ct. 168, 169–70 (1983);

see also *Dahl v. United States,* 695 F.2d 1373 (Fed.Cir.1982).[8]

In *Barretville,* a bank advanced monies to a borrower from FmHA on express written representations by a county supervisor that FmHA would see that the loans would be repaid when operating loan funds became available to the borrower. In consequence of FmHA fund shortages the operating loan funds in fact did not become available to the borrower. The bank endeavored to recoup its advances from both the borrower and FmHA, and, those efforts failing, sued the government to recover them. The result was an eminently sound holding that the county supervisor lacked authority to obligate defendant to repay the funds advanced by the bank, and that defendant accordingly was not liable to the bank for failing to repay them. *Barretville,* 2 Cl.Ct. at 170, and authorities there cited; *see also Prestex, Inc. v. United States,* 3 Cl.Ct. 373, 377–79 (1983), *appeal docketed,* No. 84–790 (Fed.Cir. Jan. 27, 1984); *Dalaly v. United States,* 3 Cl.Ct. 203, 206 (1983).

*Barretville* is directly on point, persuasive, and therefore to be followed here. *Greenberg v. United States,* 1 Cl.Ct. 406, 407 (1983). In consequence, plaintiff's claim of breach of contract fails.

### B

■ The alternative claim that defendant has been unjustly enriched by $25,-297.63, and that plaintiff is accordingly entitled to recover on that ground, has no more merit.

The precise claim of unjust enrichment asserted here rests upon the theory that

---

**5.** Plaintiff's complaint and the materials attached thereto variously refer to the FmHA official as FmHA's "Managing Agent for Henry County," FmHA's "agent," the FmHA "Administrator for Henry County," and the FmHA "Director for Henry County." Defendant refers to him as FmHA's Henry County "supervisor." Defendant's reference is accurate. *See Dahl v. United States,* 695 F.2d 1373, 1378 (Fed.Cir. 1982); *Barretville Bank & Trust Co. v. United States,* 2 Cl.Ct. 168 (1983).

**6.** Plaintiff furnished "fertilizer, chemical spray, gases and other misceleanous [sic] materials"

customarily used for the production of corn, soybeans, and tobacco.

**7.** 43 F.R. 55883, 55889, Nov. 29, 1978, 7 C.F.R. § 1941.23(b)(1) (1982).

**8.** While *Dahl* is distinguishable on its facts, it is, as Judge Yannello noted in *Barretville,* "of interest in the context present here: * * *," particularly with respect to "the authority of FmHA personnel." *Barretville,* 2 Cl.Ct. at 170, n. 2.

defendant *ought* to be bound to repay plaintiff, not that it validly *agreed* to do so, and "is therefore based upon a contract implied in law, over which this court has not been given jurisdiction." *Aetna Casualty and Surety Co. v. United States,* 228 Ct.Cl. 146, 164, 655 F.2d 1047, 1059–60 (1981). *See also Cleveland Chair Co. v. United States,* 214 Ct.Cl. 360, 363–64, 557 F.2d 244, 246 (1977); *Wertz v. United States,* 2 Cl.Ct. 45, 53–54 (1983); *Hargrove v. United States,* 1 Cl.Ct. 228, 230 (1982). Accordingly, there can be no recovery on such a claim here.