Contracts; limitation of actions; tort claim; declaratory judgment. — On February 29, 1980 the court entered the following order:
Before Nichols, Judge, Presiding, Kashiwa and Smith, Judges.
*680 Plaintiff seeks damages as a result of the Government’s termination of a contract between plaintiff and the Government, which contract provided for the demolition and removal of certain buildings, fixtures, appurtenances and improvements situated on land leased by the Government in San Mateo County, California. Plaintiff also apparently seeks to have this court declare his "interest” to be a lien against the property subject to the contract and for the court to declare that the transfer of any property be invalid.
The Government contends that plaintiffs claim is barred by the six-year statute of limitations. 28 U.S.C. § 2501 (1976). In addition, the Government contends that to the extent plaintiffs petition sounds in tort, it is outside the jurisdiction of this court.
1) Statute of limitations bars plaintiff.
Plaintiffs claim, filed in this court on October 23, 1978, is barred by the statute of limitations set forth in 28 U.S.C. § 2501 (1976), which provides in pertinent part as follows:
Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
For plaintiffs suit to be timely, it must have been filed within six years after the claim first accrued.
We find the subject contract was terminated by letter of April 13, 1971. Since the contract contained no "disputes clause,” "termination for default clause,” or "termination for convenience clause,” nor any provision for administrative review, we hold plaintiffs claim against the Government first accrued on April 13, 1971, the date the contract was terminated. For on April 13, 1971, all the events had occurred which would fix the Government’s alleged liability and entitle the claimant to demand payment and sue in this court for money damages. Eastern School v. United States, 180 Ct. Cl. 676, 381 F. 2d 421 (1967). Accord, Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974).
Since the petition was filed on October 23, 1978, more than six years after the claim first accrued, the petition is barred by 28 U.S.C. § 2501 (1976). See Kirby v. United States, supra; cf. Kabua v. United States, 212 Ct. Cl. 160, 546 F. 2d 381 (1976), cert. denied, 434 U.S. 821 (1977).
*681 2) Plaintiffs claim based on fraud and concealment sounds in tort and is therefore outside this court’s jurisdiction.
As a second defense, defendant contends plaintiff alleges that there was "fraud and concealment” on the part of the Government in failing to reveal certain matters allegedly pertaining to the owners of the land on which the demolition and removal was to occur. Plaintiffs allegations as to such "fraud and concealment” sound in tort and are outside this court’s jurisdiction.
Tort claims are expressly excluded from this court’s jurisdiction by the Tucker Act, 28 U.S.C. § 1491 (1976), which provides in pertinent part as follows:
The Court of Claims shall have jurisdiction to render judgment upon any claims against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort * * *. [Emphasis supplied.]
The court has consistently recognized this statutory limitation on its jurisdiction. See Bibbs v. United States, 206 Ct. Cl. 896, cert. denied, 423 U.S. 985 (1975); Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F. 2d 817 (1974); Clark v. United States, 198 Ct. Cl. 593, 461 F. 2d 781, cert. denied, 409 U.S. 1028 (1972).
We find that plaintiffs allegations in the instant suit are predicated on alleged fraud or concealment and, consequently, sound in tort. Somali Development Bank v. United States, supra. Accordingly, this court is without jurisdiction to consider or otherwise adjudicate such claims.
3) The court cannot order declaratory relief in this case.
Plaintiff prays that this court declare (1) his "interest” to be a lien against the subject property until fully paid, and (2) the transfer of any property invalid. Although plaintiffs request is unclear, it appears he seeks a declaratory judgment.
The Supreme Court in United States v. King, 395 U.S. 1, 5 (1969), clearly ruled that this court lacks authority to issue declaratory judgments. The Supreme Court reaf *682 firmed its position in United States v. Testan, 424 U.S. 392 (1976).
it is therefore ordered that defendant’s motion for summary judgment is granted. Plaintiffs claim is hereby dismissed on the three above-discussed grounds.
Plaintiffs motion for reconsideration was denied April 25, 1980.