*714 On the basis of plaintiffs petition and pretrial statement, defendant moves to dismiss this case as beyond our jurisdiction. Those documents show the following: Plaintiff entered into an Accounts Financing Security Agreement with Highway Dumphaulers, Inc. (Highway), an Arkansas corporation doing business in Arkansas; to secure advances by plaintiff to Highway, that Agreement gave plaintiff a security interest in all of Highway’s present and acquired accounts receivable, accounts, contract rights and general intangibles, including proceeds. In 1980, Highway received a check for $71,188.90 (made payable to Highway) from its debtor Circle Construction Co., on account of accounts due plaintiff from Circle. Highway was required by the security agreement to deliver this check to plaintiff but instead endorsed and delivered it to the Internal Revenue Service, in payment of federal taxes owed by Highway and associated businesses. After learning of this, plaintiffs agent requested the IRS to turn the check over to plaintiff; this was not done but the check was thereafter deposited.[1] Plaintiff then filed a refund claim which was denied by the IRS. This suit followed.
The ground of the Government’s motion is that this was a tort claim for conversion of the check — a type of claim which is indisputably beyond our jurisdiction — and is neither a proper claim for tax refund nor a claim based on a contract implied in fact. Plaintiff says that the claim is for an implied contract within our line of decisions beginning with Kirkendall v. United States, 90 Ct. Cl. 606, 31 F. Supp. 766 (1940).[2]
We need not detail defendant’s showing that plaintiff may have a good tort claim for conversion of the check under Arkansas law — a claim which it cannot vindicate in this court. Plaintiff does not challenge those premises but answers that it also has a claim under the Kirkendall line of cases which it can enforce here.
*715 We do not agree, however, with plaintiff that its case falls under that rubric. The Kirkendall cases[3] rest on our jurisdiction over contracts implied in fact. (We have no jurisdiction over contracts merely implied in law.) In each of those cases, the claimant alleged that it paid the taxes of another, either mistakenly or under federal pressure. The Government plainly had dealings with the plaintiff-payor. In this case, on the other hand, when Highway paid its taxes with the Circle check (a check made out to Highway, endorsed by it, and with no reference to plaintiff), the Government had no dealings at all with plaintiff. There could be no implication of a promise to pay the money to plaintiff (which was then unknown to the Government in this connection). The subsequent request by plaintiff to turn the check over to it did not raise such an implication. The IRS had received from Highway a proper negotiable instrument in payment of taxes owed by Highway, and it could not be expected to decide (before depositing the check) whether plaintiff (or someone else) had a priority in the funds tendered to the Government. That would place on the IRS an "impossible burden.” Cf. J.C. Pitman & Sons v. United States, 161 Ct. Cl. at 707, 317 F.2d at 369.
Rather, this case comes under the authority of Merchants Nat’l Bank & Trust Co. v. United States, 209 Ct. Cl. 736 (1976), a similar proceeding in which a non-party taxpayer used funds in its own account, in derogation of trust and security agreements with that plaintiff-claimant, to pay the taxpayer’s federal taxes. Despite the fact that that claimant had previously advised the IRS not to cash checks issued by that taxpayer on that particular account, this court ruled that the claim was in tort for conversion, and beyond our jurisdiction. The same is true here.[4]
For these reasons, defendant’s motion to dismiss is granted and the petition is dismissed.

 Before Circle’s delivery of the check to Highway, no federal tax liens had been filed against the latter by the IRS.

 Plaintiff does not contend that it is a "taxpayer” who may file suit for a refund, merely that its claim to the check is superior to that of the Government. The taxpayer was Highway which voluntarily paid its tax to the IRS. Nor is this a case in which the United States wrongfully levied on plaintiffs property, thinking it was Highway’s. There was no levy.

 See also J.C. Pitman & Sons v. United States, 161 Ct. Cl. 701, 317 F.2d 366 (1963); Fidelity & Casualty Co. v. United States, 203 Ct. Cl. 486, 490 F.2d 960 (1974); Gordon v. United States, 227 Ct. Cl. 328, 649 F.2d 837) (1981).

 Plaintiff does not ask us to transfer this case to the District Court, apparently conceding that its tort claim would not come under the consent-to-sue in the Federal Tort Claims Act. The absence of jurisdiction in the District Court would not, of course, give this court jurisdiction it does not have.