**Ricardo A. MARTINEZ, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 576–85C.**

United States Claims Court.

Feb. 27, 1987.

Jack B. Solerwitz, Mineola, N.Y., attorney of record, for plaintiff; Solerwitz & Leeds, of counsel.

Jane W. Vanneman, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

WIESE, Judge.

This case is before the court on defendant's motion to dismiss for failure to state a claim and plaintiff's opposition thereto. For reasons that follow, and without oral argument, the motion to dismiss is granted.[1]

### Facts

Plaintiff was an inspector with the United States Postal Service who resigned from his position allegedly because of friction with his supervisor. At the time of this resignation—the complaint continues—the supervisor promised that the separation memorandum (the SF–50) would simply list "personal reasons" as the cause for plaintiff's departure and that postal authorities would refrain from making any further comment to prospective employers concerning the circumstances of his resignation. Plaintiff further alleges that the supervisor and other Postal Service employees failed to honor this promise by making "derogatory, prejudicial, exaggerated, false and libelous" statements about him to the Federal Bureau of Investigation, the Central Intelligence Agency and the Drug Enforcement Agency—all agencies with which he unsuccessfully sought subsequent employment. As a result, plaintiff states, he was forced to accept a less attractive position with a police department in Texas.

Plaintiff sues here alleging breach of contract, defamation, and infliction of emotional distress. He seeks a total of $2.5 million in compensatory damages and $2.5 million in punitive damages. He also asks for reinstatement and back pay, as well as attorney's fees and costs.

### Discussion

Plaintiff fails to state a claim upon which relief can be granted. In brief, the reasons are these:

First, the point has been repeatedly noted in the case law, that the federal employment relationship is statutory in character, not contractual. *United States v. Larionoff*, 431 U.S. 864, 869, 97 S.Ct. 2150, 2154, 53 L.Ed.2d 48 (1977); *Brant v. United States*, 220 Ct.Cl. 65, 73–74, 597 F.2d 716, 720 (1979); *Urbina v. United States*, 192 Ct.Cl. 875, 881, 428 F.2d 1280, 1284 (1970). This means, among other things, that the incidents of that relationship—the rights and obligations that describe its content—are defined by statutes and regulations and not by *ad hoc* consensual arrangements between employer and employee.

■ From this observation two points follow. First, to the extent plaintiff seeks to recover contract damages here for an employment-based grievance, it must be shown that the contract being sued on is itself an authorized aspect of the employment relationship. There has been no such showing. That omission dooms plaintiff's "First Claim", which alleges that the failure to honor the promise of confidentiality in respect to plaintiff's resignation amounted to a "willful breach". *See Walton v. United States*, 213 Ct.Cl. 755 (1977).

■ Second, to the extent that plaintiff's grievance is viewed simply as alleging a violation of Postal Service regulations, *see* Postal Service Employee & Labor Relations Manual § 313.5 (Aug. 29, 1980) (limiting agency disclosure to prospective employers to information contained on the SF–50), still relief would not be available in this court. This precise issue was addressed in *United States v. Connolly*, 716 F.2d 882 (Fed.Cir. 1983), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984), where the

---

1. It is a rare case where this court would grant a motion to dismiss a case without the benefit of oral argument. However, in this instance, as the opinion goes on to note, the applicable law is so clear, certain and settled, that it precludes any possible basis for reaching a different result; hence, argument would simply amount to a waste of time. Indeed, the fact that the case was brought here in the first instance suggests, among other things, a lack of concern for the responsible use of judicial resources.

Court of Appeals, in affirming the Claims Court's dismissal for lack of jurisdiction of a claim for wrongful discharge from Postal Service employment, explained as follows:

> Even if we assume *arguendo* that the Postal Service failed to comply with its own regulations in ordering appellee's dismissal, that would not support jurisdiction in the Claims Court. Since the enactment of the Postal Reorganization Act of 1970, Pub.L. No. 91–375, 84 Stat. 719 (1970), the Postal Service has not been considered one of the "executive departments" within the meaning of 5 U.S.C. § 101 (1982). *See* Pub.L. No. 91–375, § 6(c), 84 Stat. 719, 775 (1970), *reprinted in* 1970 U.S.Code Cong. & Ad. News 842, 911 (repealing that portion of 5 U.S.C. § 101 which designated the Post Office as an executive department). Only the regulations of an "executive department" can form the basis for a regulatory claim cognizable under Tucker Act jurisdiction. *See* 28 U.S.C. § 1491 (Supp. V 1981). [*Id.* at 885 (footnote omitted).]

For the reasons given in the *Connolly* decision, this court is without authority to entertain plaintiff's claims for reinstatement and "restoration of lost pay, benefits, promotions and career eligibility".

■ Finally, the same result obtains with respect to plaintiff's claim for "injury to his reputation and well-being" ("Second Claim") and his claim of "severe mental and emotional distress" ("Third Claim"). Plaintiff attributes each of these alleged injuries to "defendant's intentional, false and derogatory statements". The cases are legion which hold that the Claims Court is without jurisdiction over actions sounding in tort. *Sellick v. United States,* 222 Ct.Cl. 679, 681 (1980); *Caravella v. United States,* 9 Cl.Ct. 280, 285 (1985), *aff'd mem.,* 795 F.2d 1016 (Fed.Cir.1986); *Lehner v. United States,* 1 Cl.Ct. 408, 416 (1983); *Shanbaum v. United States,* 1 Cl.Ct. 177, 179 n. 3 (1982), *aff'd mem.,* 723 F.2d 69 (Fed.Cir.1983).

**2.** The allowance of costs to the prevailing party is dictated by RUSCC 54(d), and hence implies no independent determination on the court's

### CONCLUSION

It is ordered that the complaint be dismissed. Defendant shall have its costs.[2]

part to restrict defendant from seeking recovery of such additional expenses as are authorized by law.