ORIGINAL

# In the United States Court of Federal Claims

No. 15-1075C
(Filed September 30, 2016)
NOT FOR PUBLICATION

FILED

SEP 3 0 2016

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
                                              *
RON HADDAD, Jr.,                              *
                                              *
                Plaintiff,                    *
        v.                                    *
                                              *
THE UNITED STATES,                            *
                                              *
                Defendant.                    *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

The matter before the Court is the defendant's motion to dismiss this case pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). For the reasons discussed below, defendant's motion is **GRANTED** due to plaintiff's failure to state a claim within this court's jurisdiction.

## I. BACKGROUND

On June 22, 2015, plaintiff Ron Haddad, Jr., representing himself, filed a complaint naming as defendants Ruben Castillo, "The Executive Committee," U.S. District Court Clerk Thomas G. Bruton, and court reporter Gayle A. McGuigan.[1] In

---

[1] On the same day, Mr. Haddad also filed a complaint which was stamped as case No. 15-640C (15-640C complaint). The complaint in the above-captioned case (15-1075C complaint) was initially mistaken for a copy of that other pleading, and was also stamped as case No. 15-640C and delivered to Chambers, while the 15-640C complaint was entered into the ECF system and delivered to the government. Due to this oversight, the 15-1075C complaint was not properly filed at the time of receipt. After subsequent documents were received from plaintiff, the oversight was discovered and the 15-1075C complaint was properly stamped and filed as case No. 15-1075C. Case number 15-640C (which was consolidated with case No. 15-820C)

complaints filed in our court, the United States is the only proper defendant. *See* RCFC 10(a); *see also Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Taking plaintiff's *pro se* status into consideration, the Court construes his complaint to be against the United States and proceeds on that basis.

Plaintiff is currently serving a 150-month prison sentence after being convicted of 30 separate counts of mailing threatening communications in violation of 18 U.S.C. §§ 875(c) and 876(c). *United States v. Haddad*, No. 09 CR 115, 2015 WL 161659, at *1 (N.D. Ill. Jan. 13, 2015). His trial was held before Judge Virginia M. Kendall on the United States District Court for the Northern District of Illinois. *Id.* Mister Haddad had a history of filing, *pro se*, numerous civil complaints in that court. On June 13, 2011, the Executive Committee of the United States District Court for the Northern District of Illinois (Executive Committee) issued an order limiting Mr. Haddad's ability to file new civil *pro se* cases before that court, citing thirteen cases Mr. Haddad filed before that court, which had been "primarily dismissed due to lack of standing, failure to state a claim, lack of federal jurisdiction, duplicate filing, or frivolous complaint." Executive Committee Order, *In re Ron Haddad, Jr.*, No. 11 C 3934, at 1 (N. Dist. Ill. June 13, 2011), ECF No. 1. It is the Executive Committee's order that is the main subject of Mr. Haddad's complaint before the Court.

Plaintiff claims that the Executive Committee, led by Chief Judge Castillo, committed fraud and treason against him by not automatically filing any new civil *pro se* complaints (or other documents) he submitted. Compl. ¶¶ 2–3. Mister Haddad alleges that the Executive Committee order violated his rights under the United States Constitution. *Id.* (citing U.S. CONST. art. I, § 3, cl. 7; art. III, § 1; art. VI, cl. 2; and amends. I, V, VI, VIII, and XIV).

As for Mr. Bruton, plaintiff alleges that he "stole" $50.00 from Mr. Haddad's inmate trust fund account for trial transcripts that Mr. Haddad requested but never received. *Id.* ¶ 3. And Mr. Haddad accuses Ms. McGuigan of attempting to defraud him of $5,500.00, which was the deposit required for the trial transcripts based on their length. *Id.* ¶ 3; *id.* at 11.

As the bases for this court's jurisdiction, the complaint cites the constitutional provisions concerning the punishments for individuals convicted following impeachment and the good behavior required of federal judges; the Supremacy Clause; and the Fourteenth Amendment's Due Process Clause. Compl. ¶ 1 (citing U.S. CONST. art. I, § 3, cl. 7; art. III, § 1; art. VI, cl. 2; and amend. XIV, § 1). Plaintiff requests four forms of relief: the overturning of the Executive

---

has been dismissed for lack of subject matter jurisdiction. *Haddad v. United States*, Nos. 15-640C & 15-820C, 2015 WL 7730933 (Fed. Cl. Nov. 30, 2015).

Committee order; the firing of Mr. Bruton, Ms. McGuigan, and the members of the Executive Committee; $20 million in damages; and copies of his requested trial transcripts. *Id.* ¶ 4.

The government filed a motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim under RCFC 12(b)(1) and 12(b)(6). Def.'s Mot. Summ. Dismissal of Pl.'s Compl. (Def.'s Mot.) at 1. The government argues that Mr. Haddad does not identify a money-mandating provision which gives this court jurisdiction and that Mr. Haddad's grievances, which relate to case management matters before the U. S. District Court for the Northern District of Illinois, cannot create a basis for an action in this court. *Id.* at 3–4.

Plaintiff submitted a document, filed by leave of the Court on December 8, 2015,[2] which has been treated as a partial response to the government's motion because plaintiff addresses jurisdiction within it. Plaintiff again cites the Constitution's provision concerning punishments following impeachment and conviction and the Supremacy Clause, and adds a citation to the provision requiring oaths of office. Pl.'s Partial Resp. at 1–2, ECF No. 9. (citing U.S. CONST. art. I, § 3, cl. 7; art. VI, cl. 2 & cl. 3). He argues that our status as an Article I court gives us jurisdiction over violations of Article I's provisions. *Id.* at 1. Mister Haddad also maintains that jurisdiction may be exercised over the case as a challenge to a wrongful conviction and imprisonment. *Id.* at 1. He also mentions, without elaboration, 5 U.S.C. § 556(d), part of the Administrative Procedure Act (APA), 5 U.S.C. §§ 551 *et seq. Id.*

Mister Haddad's timely response to the government's motion was filed on December 23, 2015. Plaintiff reiterates his reliance on the Supremacy Clause and the constitutional provisions regarding impeachment and oaths of office. *See* Pl.'s Resp., ECF No. 10 at 1 (citing U.S. CONST. art. I, § 3, cl. 7; art. VI, cl. 2 & cl. 3). He also argues that the violations he has alleged of the Fourth, Eighth, and Fourteenth Amendments "are covered by" the habeas corpus provision of Article I, section 9, clause 2, and thus within the jurisdiction of an Article I court. *Id.* In addition to the page with these jurisdictional arguments, plaintiff's response consists of several other documents. In one, he argues that the Illinois district court lacked

---

[2] The partial response, signed by plaintiff a week before the motion was filed, is almost identical to a document Mr. Haddad had filed in consolidated cases 15-640C and 15-820C. *See* Sur-Reply, *Haddad v. United States*, Nos. 15-640C & 15-820C (Fed. Cl. November 20, 2015), ECF No. 13. There are only a few minor differences between both filings, such as dates and a couple of handwritten corrections; the typed text and the caption of the document are identical. *Compare id., with* Pl.'s Partial Resp., ECF No. 9. Matters discussed in the document pertaining to those other cases are not addressed here.

jurisdiction over his criminal trial, because he believes 18 U.S.C. § 3231 was not properly enacted and 40 U.S.C. § 3112 was not properly utilized. *Id.* at 8–10. Plaintiff contends that the district court must prove its jurisdiction under APA procedures, or else the APA is violated. *Id.* at 9–12 (citing, *inter alia*, 5 U.S.C. § 556(d)). Another document is a list of twenty-six "questions presented," questioning the legal basis of Mr. Haddad's conviction by Judge Kendall in his criminal case. *Id.* at 13–15.[3] Plaintiff also includes the order granting plaintiff's motion to proceed *in forma pauperis* in consolidated cases 15-640C and 15-820C, defendant's motion to dismiss the above-captioned case, and the Executive Committee order from the district court for the northern district of Illinois. *Id.* at 4–5; 16–26. On each page of those documents Mr. Haddad wrote, "I do not accept this offer to contract and I do not consent to these proceedings." *Id.*

The government's reply in support of its motion was submitted one day after the deadline, and as a consequence was not filed when received. The government subsequently moved for leave to file the reply out of time, explaining that the deadline had been "overlooked." Def.'s Mot. for Leave at 1, ECF No. 15. Plaintiff seemingly opposes the late filing of this document, contending that the government has defaulted. *See* Pl.'s Emerg. Cert. of Dishonor at 1–2, ECF No. 21. The Court does not find that the government has presented an appropriate justification for its failure either to timely file the reply or to move for additional time before the deadline, and accordingly the government's motion for leave to file the reply out of time is **DENIED**. But reply papers are optional, not mandatory. *See* RCFC 7.2(b)(2) ("A reply to a response *may* be filed within 14 days after service of the response.") (emphasis added). The failure to file a reply does not doom plaintiff's motion, as the burden rests on the plaintiff to establish our court's jurisdiction.

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering a motion to dismiss a case for lack of subject-matter jurisdiction, courts will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-

---

[3] Judge Kendall's actions are not the subject of this lawsuit, but were rather among the allegations contained in the consolidated and dismissed cases 15-640C and 15-820C. *See Haddad*, 2015 WL 7730933, at *1–2.

movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

Although a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed. *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction---here, Mr. Haddad---bears the burden of establishing it and must ultimately do so by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

## B. Analysis

Taking into consideration Mr. Haddad's *pro se* status by broadly construing his arguments and, of course, assuming that all of his allegations are true, the Court still finds that none of his claims falls within our jurisdiction. This Court cannot entertain this case unless a jurisdictional basis has been properly invoked. *See* RCFC 12(h)(3).

At the outset, the Court notes that plaintiff misunderstands what it means for a court, like ours, to be an Article I court. Such a court is not one which is charged with hearing violations of provisions contained in Article I of the Constitution. Rather, the modifier "Article I" denotes that Congress has created the court using an Article I power. *See Am. Ins. Co. v. Canter*, 26 U.S. (1 Pet.) 511, 546 (1828) (explaining that Article I courts possess jurisdiction "conferred by Congress, in the execution of those general powers which that body possesses").

The primary source of our court's jurisdiction is the Tucker Act, which allows us to entertain certain claims against the United States based on violations of the Constitution or federal law. *See* 28 U.S.C. § 1491(a)(1). But for a statutory or constitutional violation to come within the jurisdiction of this court, the statute or clause allegedly violated must contain a provision that entitles one to money damages. *See United States v. Testan*, 424 U.S. 392, 398 (1976); *Contreras v. United States*, 64 Fed. Cl. 583, 588 (2005); *see also Eastport Steamship Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1976) (explaining that our court does not have jurisdiction to hear "every claim involving or invoking the Constitution").

None of the constitutional provisions Mr. Haddad cites are money-mandating provisions. Plaintiff cannot base our jurisdiction on violations of the First, Fourth, Sixth, and Eighth Amendments, as those amendments do not mandate the payment of money damages when violated. *See United States v. Connolly*, 716 F.2d 882, 888 (Fed. Cir. 1983) (First Amendment); *Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981) (Fourth and Sixth Amendments); *Trafny v. United States*, 503 F.3d 1339,

1340 (Fed. Cir. 2007) (Eighth Amendment). Further, to the extent plaintiff relies on the Due Process Clauses of the Fifth and Fourteenth Amendments, they are not money-mandating.[4] *Smith v. United States*, 709 F.3d 1114, 1116 (Fed.Cir.2013) (holding that the Due Process Clauses of both Fifth and the Fourteenth Amendments are not money-mandating). In addition, the Fourteenth Amendment does not apply to the actions of the federal government. *Fry v. United States*, 72 Fed. Cl. 500 (2006) (citing *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987)).

The other portions of the Constitution identified by plaintiff similarly lack any reference to an entitlement to money damages for their violation. One provision concerns the removal from and disqualification for federal office upon impeachment and conviction. U.S. CONST., art. I, § 3, cl. 7. Another places restrictions on the suspension of habeas corpus proceedings. *Id.*, art. I, § 9, cl. 2. A third explains that judges shall hold their offices during good behavior. *Id.*, art. III, § 1. The final two make the Constitution and proper legislation the supreme law of the land and require that officials take oaths to support the Constitution. *Id.*, art. VI, cl. 2 & cl. 3. Other than the guarantee that federal judges will not have their compensation diminished while in office, *id.*, art. III, § 1; *see United States v. Hatter*, 532 U.S. 557, 560–61 (2001), no money mandate can be found among these provisions.

Regarding Mr. Haddad's claims based on the APA, the Federal Circuit has unambiguously held, "the Court of Federal Claims lacks APA jurisdiction." *Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003) (en banc).[5] Moreover, to the extent that Mr. Haddad is requesting that this court review the actions of the Executive Committee of the U.S. District Court for the Northern District of Illinois, this court lacks jurisdiction. This court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *see also Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (explaining that our court is not an appellate tribunal, and "does not have jurisdiction to review the decisions of district courts"). Neither does this court have jurisdiction to "consider claims which amount to collateral attacks on criminal convictions."

---

[4] The Due Process Clause of the Fifth Amendment may only be a basis for our jurisdiction when a claim concerns an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *Coleman v. United States*, No. 13-431C, 2014 WL 949984, at *3 (Fed. Cl. Mar. 7, 2014).

[5] Section 556(d), cited by plaintiff, governs the procedures of agency hearings (specifically the burden of proof and presentation of evidence), and thus has no bearing on the jurisdiction of this court or the procedures this court must follow.

*Perkins v. United States*, No. 13-023C, 2013 WL 3958350, at \*3 (Fed. Cl. July 31, 2013).

Plaintiff contends that his case may be heard under our jurisdiction over unjust conviction and imprisonment claims. But such claims, under 28 U.S.C. § 1495, are limited to a very narrow set of circumstances. In order for this court to have jurisdiction under section 1495, a plaintiff must allege and prove that his conviction has been reversed or set aside on the ground that he is not guilty or pardoned and that he did not commit the acts which were the basis of his conviction, in accordance with the requirements of 28 U.S.C. § 2513(a). *See Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958) (per curiam). Here, defendant has not alleged that his conviction has been set aside --- to the contrary, he is currently serving a 150-month sentence in prison. Accordingly, section 1495 provides no basis for the exercise of jurisdiction over Mr. Haddad's case.

Finally, the allegations that a court clerk stole money from Mr. Haddad, and that a court reporter attempted to defraud him of money, are not claims against the United States that may be heard by our court. The Tucker Act expressly places within our jurisdiction only matters "not sounding in tort." 28 U.S.C. § 1491(a)(1). Fraud and conversion claims sound in tort and are not within our jurisdiction. *See, e.g., Sellick v. United States*, 222 Ct. Cl. 679, 681 (1980) (fraud); *Walter E. Heller & Co. Se. v. United States*, 231 Ct. Cl. 713, 714–15 (1982) (conversion). Nor, for that matter, would we have jurisdiction over claims based on criminal law. *Stanwyck v. United States*, 127 Fed. Cl. 308, 313–15 (2016).

As recounted above, our court lacks jurisdiction over the subject-matter of plaintiff's complaint, and dismissal is warranted under RCFC 12(b)(1).[6]

### III. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss this case, pursuant to RCFC 12(b)(1), is **GRANTED** due to the lack of subject-matter jurisdiction. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

[6] Since the court lacks jurisdiction over the subject-matter of this case, the alternative ground for the motion, under RCFC 12(b)(6), need not be considered.